WILMINGTON, *Adm'r*, v. SUTTON.

An administrator of a deceased husband cannot maintain an action of replevin against the vendee of the widow, or those claiming under her, for the recovery of property of the husband, left with the widow, as the head of the family, and exempt from administration, or as belonging to her distributive share of her husband's estate, after the payment of debts.

Where personal property is left with a widow, as the head of the family,

for the benefit of herself and children, she holds it as trustee for the heirs, and either has no power to sell, or if she has, she must be held to account to the children for their interest in the same.

If she received the property as her distributive share of her husband's estate, it becomes her's, absolutely, without any obligation to account for its disposition to the children.

In neither case, has the administrator of the husband, a shadow of right to the property.

*Appeal from the Appanoose District Court.*

SATURDAY, APRIL 10.

Wilmington, as administrator of the estate of Michael S. Beaver, brought his action of replevin for four head of work cattle, in the possession of the defendant, Sutton. It is admitted that the property belonged to said Beaver, at the time of his death. It is also admitted that he left a widow, who afterwards intermarried with one Moore. Defendant also admits that plaintiff is the administrator of Beaver, and that said Beaver left minor children him surviving, who resided with their mother as the head of the family. The answer sets up that Moore was the owner of the property, as the husband of the late widow of said Beaver; that the property was set apart to her as widow aforesaid; and that she surrendered the same to the said Moore, who sold the same to defendant, with her knowledge and consent   The replication denies the right of Moore to sell the property; and denies that the widow had any right to surrender the same to her husband, or that said property was ever set apart, legally, to said widow, so as to enable her to dispose of the same by sale, or other-wise. It is also averred that the sale to Sutton, was not made until after the death of the said widow and wife of Moore. The defendant asked the following instruction, which was refused:   "*First.* If the jury find that the property claimed by plaintiff, was left to the widow of Beaver, as the head of a family, and as such was exempt from execution; that it was not appraised nor sold as the

assets of the estate ; that said widow married Moore, and surrendered the said property to him, after her marriage, and reserved no right to herself, in any manner ; and that defendant purchased said property of Moore, in good faith, and for a valuable consideration, they must find for the defendant." Judgment for plaintiff, awarding him the possession of the property, and for costs. Defendant appeals.

*Harris & Galbraith*, for the appellant.

*Milton & Cummings*, for the appellee.

WRIGHT, C. J.—We think it fair to conclude from this record, that the cattle in controversy were in the possession of the widow, either as property exempt from administration, or as belonging to her distributive share of her husband's estate, after the payment of debts. By the Code, it is made the duty of the administrator, to omit from the appraisement and administration, certain personal property, but such property is to remain with the widow, for her use, and that of the family, until disposed of according to law. Section 1329. And while this property may not have been, within the meaning of this section, exempt, yet by section 1393, the county court has power, when the circumstances of the family require it, to direct a partial distribution of the effects on hand, in addition to what is set apart by said section 1329. And then, by section 1390, the personal property of the deceased, not necessary for the payment of debts, nor otherwise disposed of, shall be distributed to the same persons, and in the same proportions, as though it were real estate. By section 1394, one-third in value of all the real estate of the husband, is, under the direction of the court, to be set apart to the widow in fee simple. This last section was repealed by chapter 61, Laws of 1853, 98, and the widow's dower in the husband's real estate, was fixed as at common law. But by section 4 of that chapter,

it is provided that she shall receive the same amount of personal property as is given to her by section 1390 of the Code, *and that her title thereto shall remain absolute.* Assuming, therefore, that she held this property, either as a part of her distributive share, or as exempt from administration, could the administrator of the husband maintain this action? We think most clearly not. And if it had continued in her hands, or possession, there would have been, perhaps, no pretence or claim that he could maintain the action. But the ground of the claim, we suppose to be, that she could not surrender it to her husband, or any person else, so as to deprive the estate of her first husband of the right to reclaim it, and subject it either to the payment of debts, or hold it for the benefit of the heirs: and in consonance with this view, it is urged that she holds this property, under the Code, not alone in her own right, and for her own benefit, but also for the benefit of the children, as the head of the family; that upon her death it goes to them; that a second husband, by virtue of the marital relation, could not come into the possession of it, so as to control and dispose of it, as he might, and is permitted to do, with property absolutely hers; and that, finally, as she could not sell it, neither could he, so as to divest the administrator of the first husband of his right, upon such sale, to demand its possession.

For the purposes of this case, we may concede that the property belongs to the widow, as the head of the family, for the benefit of herself and children; and we may also concede, that holding it in the capacity of trustee, she either has no power to sell, or if she has, she must be held to account to the children for their interest in the same; and yet, what right has this administrator to this action? If it was hers, absolutely, without any obligation to account for its disposition, to the children, then it is most manifest, that the administrator could have no shadow of right to it. He represents and has a right to control the property which belonged to the estate of the intestate, in the nature of assets to be administered, and not that which

belongs to the widow or any other person.  In fact,  in such a case, he would have no more right to the property, or to its possession, than if it never had belonged to the intestate, or if it had been sold by him during his life time.

Is his right to this action upon any better ground, if she is to be treated as the trustee of the children ?  We think most clearly not.  It must be remembered  that this is a contest, not between the children, or their representatives, and the vendee of the wife, or her second husband.  Whatever may be the rights of the children, it is clear that the plaintiff occupies no position to assert those rights, in this action.  He does not represent them, but a distinct, and to some extent, a conflicting, interest.  He claims it as administrator of the first husband :  claims, of course, that it is, or should properly be, assets in his hands, to be disposed of as all other property.  And thus, in any view, his claim is in conflict with both the absolute right of the wife to control and dispose of it, and also the claim of the children, to take it upon her  death, as part of the family.  In no event would it, upon her death, revert to the estate.  We conclude, therefore, that the instruction substantially embodied the law.  Of course, if the property never did come into the rigtful and legal possession of the widow of Beaver, and the administrator, for this reason, had a right to reclaim it, a different question would arise.  This instruction, however, assumes that the jury shall find such rightful and legal possession in the widow, and upon this assumption, we think, it is correct, and should have been given.

Judgment reversed.