## LUKE ADAMS *vs.* JAMES W. JENKINS.

A promissory note, secured by mortgage, taken since the passage of the homestead exemption acts, in exchange for a note made before those acts and not so secured, is to be presumed to be taken in payment of the first note, and is affected by those acts.

A deed executed while the *St.* of 1855, *c.* 238, was in force, executed by the grantor's wife, and containing a release of dower, but no express release of any right of homestead, and purporting to convey by metes and bounds the grantor's "homestead farm," in fact consisting of various enclosed fields situated on both sides of a road, and having upon it one dwelling-house, worth more than eight hundred dollars, occupied by the grantor and his family, and another house of much less value occupied by a man in his employ, was not executed as required by that statute to convey any part of the farm.

A deed of land exempted as a homestead, in which the grantor's wife did not join as required by the *St.* of 1855, *c.* 238, is void as against a subsequent deed from the grantor in which she duly joined before the *St.* of 1857, *c.* 298, § 13, confirmed the first deed, although the second deed excepts from the covenant against incumbrances the claims, if any, of the first grantee.

The use by the owner of a tract of land two miles and a half from his homestead farm, in connection with that farm, for pasturing cattle of himself and others, is not sufficient to exempt it from execution as part of his homestead.

WRIT OF ENTRY to foreclose a mortgage made by William Robinson, Jr., to the plaintiff, on the 4th of August 1855, to secure a promissory note of the same date for $4047.83, on demand with interest, of two parcels of land; the first described as "my homestead farm, situated in the southerly part of Barre, about three miles from the common, containing about two hundred and twenty five acres;" and the second as "one other tract of land, lying in the southeasterly part of said Barre, near Smithville, so called, containing one hundred and forty acres, more or less;" and both further described by metes and bounds. The mortgage was executed by the mortgagor and his wife, and concluded as follows: "And I, Harriet N. Robinson, wife of the said William Robinson, Jr., for the consideration aforesaid, do hereby release and forever quitclaim unto the said Adams, his heirs and assigns, all right, claim or possibility of dower in said premises. In witness whereof we the said William Robinson, Jr. and Harriet N. Robinson have hereunto set our hands and seals this fourth day of August in the year of our Lord one thousand eight hundred and fifty five."

The consideration of the note to secure which this mortgage was given was due on a promissory note given before 1851 for money lent.

The tract of land first described in the mortgage had been conveyed to the mortgagor in 1834; was situated on both sides of the town road leading from Barre to Hardwick; was one farm, consisting of various enclosed fields, separated from each other by fences and stone walls, and used for pasturing, mowing, tillage and woodland; and had upon it two dwelling-houses, besides barns and outbuildings, one of which houses was occupied by the mortgagor and his family, and exceeded in value eight hundred dollars, and the other was occupied by a workman in his employment and was of much less value.

The second tract of land described in the mortgage was situated about two miles and a half from the first, was conveyed to the mortgagor in 1848, and was used by him in connection with his said farm as a pasture for cattle of himself and others.

On the 23d of February 1857 Robinson made a mortgage to the defendant of both tracts; with a covenant against all incumbrances except the claims, if any, held by the plaintiff and two other persons; and a release, in which his wife joined, of all right of homestead.

*Hoar*, J., before whom the trial was had, reported the case above stated for the decision of the full court.

*F. H. Dewey & E. B. Stoddard*, for the plaintiff.

*P. C. Bacon*, for the defendant.

BIGELOW, C. J. There are no facts in the case, from which it can be fairly inferred that the plaintiff's debt secured by the mortgage under which he claims to recover the premises was a debt contracted prior to the passage of the homestead act of 1855. On the contrary, by taking a new note in lieu of the former one, with a mortgage to secure its payment, it is clear that the parties intended it as a new debt, and that the old debt was intended to be extinguished and paid. It is not a case where a party having a note secured by a mortgage surrenders it and takes a new note in its place, still retaining the mortgage

as security. ' There the inference is that the party did not intend to take the new note in payment, because by so doing he would give up his security and receive nothing to take its place; the inference of payment is rebutted by the circumstances; a party cannot be presumed to intend to abandon his security; the more reasonable inference therefore is that renewal of the debt, and not its payment, was the purpose which the creditor had in view. But a different presumption arises when an old debt not secured is given up, and a new note taken with a mortgage as security. In such case, the creditor may be presumed to receive the new note in payment of the old one.

The conveyance in mortgage to the plaintiff was therefore made to secure a debt contracted subsequently to the enactment of the homestead act of 1855. The wife did not join in the conveyance, except for the purpose of releasing her dower. The conveyance was therefore invalid, and conveyed no title to the plaintiff as against the defendant, to whom the estate was subsequently, and before this conveyance was confirmed by *St.* 1857, *c.* 298, § 13, conveyed by a deed in which she joined and conveyed her homestead right. This last statute expressly excepts from its operation all rights in real estate acquired by purchase or otherwise prior to its enactment. *Johnson* v. *Fay, ante,* 144. The provisions of *St.* 1855, *c.* 238, are substantially the same with those of *St.* 1851, *c.* 340. The only difference is that the former extends the homestead exemption from five hundred to eight hundred dollars. The decision of the court in *Richards* v. *Chace,* 2 Gray, 383, is therefore applicable, and the demandant is not entitled to recover the lot of land first described in the mortgage to him.

Sufficient facts are not stated to show that the second described parcel of land was used and occupied as part of the homestead of the mortgagor. The demandant is therefore entitled to recover possession thereof. *Judgment accordingly.*