## GASKELL v. CASE.

1. Executor: PROPERTY SET APART TO WIDOW. Property of an intestate, set apart to his widow, under § 2361, Rev. of 1860, which is no longer needed and used by her as the head of his family, falls into the general personal estate of the decedent, and becomes liable, not for the payment of debts, but to distribution according to law.

*Appeal from Keokuk District Court.*

FRIDAY, DECEMBER 23.

DEMURRER TO PETITION. The petition alleges, in substance, that the plaintiffs are of age, and the only heirs-at-law of Aaron Gaskell, deceased, and who died in June, 1854; that his widow, Hannah L., intermarried with the defendant, John Case, soon after the property hereinafter named was set apart to the said Hannah; that, in 1855, the County Court set apart to Hannah, as the widow of Aaron, for the benefit of her children (the plaintiffs), and *not* as her distributive share, a horse, two cows, one wagon, fifteen sheep, &c.; that, after the marriage of the defendant with the said Hannah, this property came into his possession; that defendant, colluding with the said Hannah, and by her permission, in the year 1860, sold the said property, and appropriated and converted the same to his own use. This action is brought to recover the value of the property thus sold by the defendant.

Defendant demurred to the petition: 1st. Because the petition did not show that plaintiffs were the *owners* of the property alleged to have been converted to the defendant's use; 2d. Because the petition shows that the property was his wife's, and that he obtained the same from her, and with her consent.

The demurrer being sustained, the plaintiffs appeal. No question is made as to proper parties, plaintiffs or defendant.

*Woodin & Sampson* for the appellants.

*J. F. McJunkin* for the appellee.

DILLON, J.—The property, for the value of which this action was brought, was set apart to the widow, under § 2361 of the Revision. This section provides that, " when the deceased leaves a widow no property which, in her hands, as the head of a family, would be exempt from execution, shall be deemed assets, or administered upon as such; but the same, after being inventoried without appraisement, *shall remain with her and the family until disposed of according to law."*

1. EXECU-
TOR:
property
set apart to
widow.

In relation to the distribution of the personal property of intestates, the statute contains the following provision : " The personal property of the deceased, not necessary for the payment of debts, nor otherwise disposed of as hereinbefore provided, shall be distributed to the same persons and in the same proportions as though it were real estate." Rev., § 2422.

The vague and general language of these two sections renders them somewhat difficult of construction and application. We shall, therefore, limit ourselves strictly to a decision of the question before us. It appears from the petition that the children are all of age; and that the widow is not the head of the family of the decedent. It does not appear that, while the property remained with her and the family, it was, in good faith, exchanged (even if this is allowable) for other property of the like kind, or sold with that view.

The demurrer seems based upon the idea that the widow of the decedent, even though she be not the head of the family, and though none of the children are living with her, and though she has again married, is the absolute and sole owner of all of the property so set apart, and may dispose of the same to her second husband, or authorize him

to sell it to others and convert the proceeds to his own use, without fault and without liability. That she is not such absolute and sole owner, is in effect decided by the cases of *Wilmington* v. *Sutton*, 6 Iowa, 44; *Schaffner* v. *Grutzmacher*, Id., 137.

Upon the best consideration we have been able to give to the statute, we are of the opinion that where property, set apart under section 2361, above quoted, is no longer needed and used by her for the special purposes contemplated by that section, it would fall into the general personal estate of the deceased, and be liable, not to debts, but to distribution according to law.

The statute was obviously intended for the benefit of the widow and the family of the deceased — not the widow alone, but the widow and the children. As we cannot see the justice or propriety of so construing it as to allow the widow's *second husband* to enjoy its benefits at the expense of the children of him by whom the property was acquired, we feel constrained to reverse the judgment of the court below, and to remand the cause, with directions to allow the defendant to answer the petition if he is so advised.

Under the special circumstances of this case, as disclosed in the petition, we are of the opinion that on these facts being established, the plaintiffs are entitled to recover two-thirds of the value of the property sold and converted by the defendant to his use.

Reversed.