### ARIADNE B. MERCIER *vs.* SALLY CHACE.

An estate of homestead is not necessarily limited to that portion of a dwelling-house which is occupied by the family of the owner; but it may exist and be continued in the whole of a house, some rooms of which are let to tenants.

An assignment of dower in a part of a dwelling-house will not prevent a widow from claiming an estate of homestead in the residue of it.

WRIT OF ENTRY. After the former decision in this case, reported in 9 Allen, 242, the parties agreed in the superior court upon the following facts:

The tenant admits the right of the demandant to recover, subject to the tenant's claim of homestead; and the only question is, whether the tenant has an estate of homestead. The tenant is the widow of Allen Chace, who at the time *St.* 1855, *c.* 238, was passed, and until his death in December 1856, lived upon the premises with her and their child, occupying the land and a part of the dwelling-house, and letting the rest of the house to a tenant. After his death, a part of the same portion of the dwelling-house which had been occupied by her and her husband, with a small parcel of land, was assigned to her as her dower. The present action is brought to recover that portion of the premises which was not assigned to the tenant as her dower.

Since the death of her husband the tenant and her child have not personally occupied any portion of the demanded premises, except one chamber for seven months after his death; but, with this exception, that portion of the dwelling-house and of the land which were not assigned to her as her dower have been occupied by a tenant. The demanded premises exceed eight hundred dollars in value. No assignment of a homestead has been made to the tenant.

On these facts judgment was rendered for the demandant, subject to the tenant's right of homestead; and the demandan' appealed to this court.

*C. I. Reed,* (*J. E. Sanford* with him,) for the demandant.

*J. C. Blaisdell,* for the tenant.

DEWEY, J. The first inquiry here is, had Allen Chace, the

husband, a homestead estate that might survive to his widow and children ?

That he had to some extent is conceded. But it is insisted on the part of the demandant that all that portion of the dwelling-house which was at the time when *St.* 1855, *c.* 238, took effect, and for a long period afterwards, occupied by another person as a tenant, paying rent to said Allen Chace, is to be excluded from the homestead estate that would pass to his widow. The dwelling-house now claimed as a homestead was the home and residence of Allen Chace and his family, but the house was not exclusively occupied by him. We understand this tenement to be a single building, designed as a dwelling-house, and not a part of a block constructed with a view to furnish several dwelling-houses. The fact that certain rooms in a single building adapted to one family were rented for an annual rent paid to the owner, would not exclude that part from being a portion of the homestead, and as such after the death of the husband it might pass to his widow, to be used and enjoyed as a homestead, the whole homestead estate to be enjoyed by her, under the statute, in no event exceeding $800.

The second inquiry is, whether this right has been continued in the widow. It is said that she has personally occupied only a portion of it, and permitted others to occupy the residue, rent having been received by her for such occupation for the whole term since the death of her husband except the first nine months. There does not seem to have been any voluntary relinquishment of the claim of the widow to her succession to the entire homestead estate of her husband. The fact of permitting another family to occupy a portion of it in a manner more beneficial to her and in a mode contributing more to aid in her support should not defeat her right of homestead. The position that the statute in continuing to the widow the homestead of her late husband had only the purpose of giving her a home, and that it was not available to her as a source of income, is very much weakened by the provisions of Gen. Sts. *c.* 104, § 14, which seem to recognize such convertibility into a rent or income from its use by others as a proper use of the homestead

by the widow; and in that view directly authorize her to make sale of her interest in such homestead, giving the purchaser the right to enjoy and possess the premises for the full term that the widow might have held the same.

The assignment of dower to the widow by the heirs at law does not defeat her right to a homestead estate to the value of $800 in addition to the dower, if so much estate remains to which the character of a homestead right attaches.

As already stated, the homestead estate may be taken to include an entire dwelling-house, although a portion of the same is occupied by a third person paying rent therefor to the owner. Sally Chace is therefore entitled to hold to her use, as succeeding to the homestead estate of her husband, her homestead right in addition to her dower, and to take the same in the demanded premises.

Judgment for the demandant, subject to the tenant's right of homestead.