## OLIVE E. ABBOTT & another *vs.* GEORGE W. ABBOTT.

The title in a homestead estate under Gen. Sts. c. 104, is in the widow during widowhood and in all the minor children respectively while under age, but the right of possession and enjoyment is in such only of those who have the title as remain in occupation of the premises; and one of such owners having taken abode elsewhere cannot join as plaintiff in an action in the nature of trespass for an entry upon the homestead estate by a stranger.

A widow and her minor child being jointly entitled in a homestead estate and the child having voluntarily taken abode elsewhere with her guardian, the widow remaining in occupation of the premises as her home may maintain against the guardian an action for trespass if he uses part of the premises, without her consent and against her protest, as a stable, although he does so with the approval of his ward and charges himself in his guardian's account with the value of the rent thereof to the ward's credit.

TORT for trespass upon real estate in Springfield. In the superior court the facts were agreed, and those which are material appeared substantially as follows:

The plaintiffs were the widow and the only minor child of W. W. Abbott. The defendant was guardian of the child, who

was a girl ten years old. The action was commenced by the widow, for herself, and as next friend of the child, without consultation with the child or her guardian and without the child's knowledge. The real estate in question was set off to the plaintiffs by the probate court as the plaintiffs' estate of homestead, and consisted of a part of one of the tenements of a double tenement house, the whole of the barn adjoining it, and a piece of ground around the house and barn used as a yard and garden. After the death of Mr. Abbott the plaintiffs occupied the house of the deceased together, until the defendant was appointed guardian of the child, which was before their homestead estate was set off. Upon his appointment he removed the child to his own family, who lived elsewhere, against the wishes of the widow, who was her stepmother, and was and is desirous that the child should live with her on the homestead, of which, after it was set off, she continued in possession.

Continuing in possession, she used the barn on the homestead estate to store fuel and furniture. The defendant, having a key and access to it, used it also for some months prior to this action, with the approval of his ward, as a stable for his horse and wagon, claiming a right to do so as guardian, for the benefit of his ward, and charged himself with the rent of the barn in his guardian's account filed in the probate court since this action was commenced; and he also "had attempted to secure for his ward's individual use, in common with the tenants of the widow, that part of the dwelling set off as homestead." The widow notified the defendant to remove his horse and wagon from the barn, and forbade his use of it, to which notice the defendant paid no regard, but continued to use the barn as before, whereupon this action was commenced.

The defendant contended, 1. that, as guardian of the child, he had a right to occupy, for the benefit and use of his ward, the whole of the premises set off as a homestead, in connection with the widow or the tenants who occupied under her; 2. that an action at law, commenced without the knowledge of his ward by the widow as her next friend, could not be maintained without the ward's consent and against her wishes.

Judgment was rendered for the defendant, and an appeal **was** taken to this court.

*C. A. Winchester,* for the plaintiffs, on the point of joinder of the minor child in the prosecution of the action, cited Gen. Sts. *c.* 109, § 7; *Guild* v. *Cranston,* 8 Cush. 506, and cases there cited; *Fulton* v. *Rosevelt,* 1 Paige, 178; Gen. Sts. *c.* 129, §§ 40, 41; *Cushing* v. *Kenfield,* 5 Allen, 307; and in discussion of the right of homestead, (besides authorities cited in the opinion of the court,) he cited *Conner* v. *McMurray,* 2 Allen, 202; *Doyle* v. *Coburn,* 6 Allen, 71; *Mercier* v. *Chace,* 11 Allen, 194; *Keyes* v. *Hill,* 30 Verm. 759; *Floyd* v. *Mosier,* 1 Iowa, 512.

*C. A. Beach,* for the defendant, (besides cases cited in the opinion of the court,) cited *Badger* v. *Holmes,* 6 Gray, 118; 1 Washb. Real Prop. 417.

GRAY, J. A right of homestead, under our statutes, is a freehold estate, defeasible, during the life of the householder, only by deed in which his wife, if any, or, if she is insane, her guardian joins, or by acquiring a new homestead. Gen. Sts. *c.* 104, §§ 1, 2, 7, 8. *Silloway* v. *Brown,* 12 Allen, 30. *Kerley* v. *Kerley,* 13 Allen, 286. *Woodbury* v. *Luddy,* 14 Allen, 1.

By the Gen. Sts. *c.* 104, § 12, " the estate or right of homestead of any householder, existing at his death, shall continue for the benefit of his widow and minor children, and be held and enjoyed by them, if some one of them occupies the premises, until the youngest child is twenty-one years of age, and until the marriage or death of the widow, and shall upon the death of such householder be limited to that period;" and, by § 13, it may be set off to the parties entitled thereto in the same manner as dower. Where there are both a widow, not married again, and minor children, the only mode of alienating the homestead estate is that provided by § 14, namely, by sale, in which the widow and the guardian of the children join, he first obtaining a license from the probate court. The guardian of the children, being authorized to convey only by joining with the widow, could transfer no title by a separate deed without her consent. Such a separate deed would be as ineffectual as a wife's separate deed of her dower or homestead estate during

the life of her husband. See *Page* v. *Page*, 6 Cush. 196; *Greenough* v. *Turner*, 11 Gray, 332. " If there is no widow entitled to such rights " of homestead, then, by the same section, " the guardian of the children, upon such license, may make sale thereof; " but the widow alone can make such sale only " when there are no minor children."

The manifest object of the statute is to provide a home for the householder's widow and children during their widowhood and minority, or for such of them as choose to occupy it, to be held and enjoyed by them together; and not to give to either member of the family any title or right of possession which can be transferred to a stranger without the consent of the others. The title in the homestead estate after the death of the husband and father, and so long as either the widow remaining unmarried or any child under age continues to occupy it, most nearly resembles that of husband and wife at common law under a grant to both of them, by which they became seised not of moieties, but of the entirety, *per tout et non per my*, and neither could dispose of any part without the assent of the other. 2 Bl. Com. 182. *Shaw* v. *Hearsey*, 5 Mass. 523. But although the title in the homestead estate is in the widow during widowhood and in all the minor children respectively while under age, the right of possession and enjoyment is in those only of the family who remain in the occupation of the homestead. This is the only construction which will reconcile all the provisions of the statute, and, while avoiding the anomaly and inconvenience of frequent changes in the title of the real estate upon any child's temporary departure from or return to the homestead, will carry out the purpose of securing one home for the family, free from the intrusion of creditors or strangers.

In this case, the only minor child, having voluntarily left the premises and taken up her abode elsewhere with her guardian, though she still had a joint title with the widow in the homestead estate, yet, while not living thereon, had no right of possession, and could not maintain an action in the nature of trespass for an entry upon and occupation of the premises. *French* v. *Fuller*, 23 Pick. 104. We need not therefore con-

sider the embarrassment attending the maintenance of such an action by a ward against her guardian. See *Mason* v. *Mason*, 19 Pick. 506. So long as the child resided elsewhere, the exclusive right of possession was in the widow, who might maintain an action against a trespasser. The guardian of the child had no better right to the use or occupation than any stranger. The result is that this action cannot be maintained in the joint names of the widow and the minor child. But the writ may be amended by striking out the name of the child, and the widow will thereupon be entitled to judgment against the defendant. The case is therefore to be remitted to the superior court to settle the terms of such an amendment, unless the parties agree, after which there may be

*Judgment for the plaintiff.*