PEDDY BRETTUN *vs.* WILLIAM H. FOX.

An estate of homestead created by the St. of 1855, *c.* 238, cannot be affected by the will of the householder.

A widow who continues to use, for the purpose of storing her furniture, after the death of her husband, a room in a dwelling-house occupied and owned by him at the time of his death as a homestead under the St. of 1855, *c.* 238, continues to occupy the homestead, within the meaning of the statute, so as to be entitled to the benefit of the homestead exemption.

The submission of a case to the judgment of the court on agreed facts waives all defects in pleading.

PETITION by the widow of Seth Brettun for an estate of homestead to be set off to her in a dwelling-house and land in Raynham; submitted to the judgment of the superior court, and, on appeal, of this court, on these facts agreed:

Seth Brettun, to whom the petitioner was married before January 1, 1855, owned at that date, and until his death in 1860, the dwelling-house and land; occupied them, during that time, with the petitioner; by his will gave to the petitioner an estate for life in one undivided third of the same, and the remainder in fee to his son, from whom the respondent derived his title; and the petitioner did not within six months waive the provisions of the will. Since her husband's death the petitioner has not lived in the dwelling-house, but has kept her furniture in a room in it.

*G. E. Williams*, for the petitioner.

*W. H. Fox, pro se.*

GRAY, J. By the St. of 1855, *c.* 238, it was declared that the homestead, occupied and owned by a householder having a family, should be exempted to the value of eight hundred dollars from sale or levy on execution; that no release or waiver of such exemption should be valid unless by deed, and no conveyance thereof by the husband valid without his wife's joining therein; and that such exemption should continue after his death, for the benefit of his widow and children, " some one of them continuing to occupy the homestead," until the coming of age of the youngest child and the death of the widow. St.

**1855,** *c.* **238, §§ 1, 2, 5.** The right of homestead thus created, and confirmed by later statutes, was a freehold estate for the life of the husband and for such further time as the widow or any minor child should continue to occupy the homestead. *Silloway* v. *Brown,* 12 Allen, 30. *Abbott* v. *Abbott,* 97 Mass. 136.

A power in the husband to terminate this freehold with his life by disposing of the land in his will is inconsistent with the spirit and intent of the statute, as manifested in the clauses declaring that no release or waiver, except by deed, and no deed' from the husband alone without his wife, should be valid in law, and that the exemption should continue after his death for the benefit of his widow and children. The cases cited for the respondent afford no countenance to such a power. In *Woodworth* v. *Comstock,* 10 Allen, 425, the only point decided was, that an unmarried and childless woman was not a householder having a family, within the meaning of the statute. In *Wilbur* v. *Hickey,* 8 Gray, 432, the instrument which was held sufficient to defeat the widow's right of homestead was not a will, but a deed of conveyance, and not executed by the husband himself, but by his guardian and under license of court. We feel bound to add that that decision was not much considered, and proceeded upon a narrower construction of the statute than has been usually adopted in later cases; and that we are not prepared to approve, and are not in this case required to overrule it.

The St. of 1855, in its scope and effect, manifestly applied (with the exceptions, declared in it, of existing debts and incumbrances) to lands in the possession of those who owned them at the time of its passage; and has always been so understood. *Castle* v. *Palmer,* 6 Allen, 401. *Dulanty* v. *Pynchon,* Ib. 510. *Woodbury* v. *Luddy,* 14 Allen, 1. The objection of the respondent that the statute could not constitutionally limit the owner's power of testamentary disposition is equally novel and unfounded. The power to dispose of property by will is neither a natural nor a constitutional right, but depends wholly upon statute, and may be conferred, taken away, or limited and regulated, in whole or in part, by the legislature; and no exercise

of legislative authority in this respect is more usual than that which secures to a widow a certain share in the estate of her husband.

The St. of 1855 therefore applied, immediately upon its passage, to the land owned and occupied by the petitioner's husband; and the respondent acquired as against her no title to the homestead estate under his will.

The facts agreed do not show an abandonment of the homestead by the widow. The use of a room in the house for the purpose of keeping her furniture was "continuing to occupy the homestead," within the meaning of the statute.

We see no reason for holding, as the respondent contends, that the petition must refer to the statute under which the right of homestead is claimed. But this point is not open, inasmuch as the submission of the case to the court upon a statement of facts waives all defects in pleading. *Kimball* v. *Preston*, 2 Gray 567. *Folger* v. *Columbian Insurance Co.* 99 Mass. 277.

*Judgment for the petitioner.*