WILLIAM KNIGHT *vs.* INHABITANTS OF FORT FAIRFIELD.

Aroostook. Opinion January· 23, 1880.

*Pauper liability. Presumption. Case agreed.*

A town which provides a place for the support of its poor is not liable to an inhabitant who, after request upon the overseers for removal, assists one of its paupers at his own (such inhabitant's) house if the pauper, when turned from such person's doors, is reasonably able to proceed to the place provided for him.

The presumption is that the pauper is not thus able, when he is a boy ten years old, and the distance to travel in the winter season is five and a half miles.

In a case agreed, the point cannot be taken for the first time at the argument that the declaration should have been special rather than upon an account annexed; to be available, the point should have been reserved in making up the case.

FACTS AGREED.

Assumpsit upon an account annexed for "boarding Joseph Willett (pauper) from January 1, 1875, to May 1, 1875, $48.00" and "interest to date of writ $7.76."—$55.76.

The writ also contains the common money count for $60, with specification, or bill of particulars, that "this (money) count is founded wholly upon the matters alleged in the preceding count." Date of writ, January 13, 1878. "The following statement of facts is agreed upon, and said action is hereby referred to the decision and finding of the court. 1st. Said Willett was chargeable upon said town as a pauper when maintained by·said plaintiff. 2d. Said town was properly and seasonably notified by said plaintiff to provide for said Willett or remove him. 3d. Fred Thurlough, of said Fort Fairfield, was the proper and legal agent of said town to provide for, maintain, remove or manage said Willett. 4th. If the town is liable at all, it is liable for the board of said Willett from January 1, 1876, to May 1, 1876—16 weeks at $1.50 per week, and costs of court. 5th. When notified by said plaintiff to remove said Willett, and provide for him elsewhere, said Thurlough replied to said ·plaintiff "send the boy to me ; I will take care of him, or find a place for him." The plaintiff said, "no, I would not carry him there for fifty dollars."

Said plaintiff did not send the boy as required, but kept him. Said boy was then well, ten years of age or thereabouts, and the distance from the plaintiff's to Thurlough's about five and one half miles. The question presented being whether under the circumstances said defendant town, or their agent Thurlough, was by law obliged to go and remove the boy, or whether the plaintiff should have required the boy to leave his house, or, if he remained, should have maintained him at his own charge and expense."

*J. B. Trafton*, for the plaintiff.

*N. Fessenden*, for the defendant.

PETERS, J. The town of Fort Fairfield was under legal obligation to support the boy. He was at the house of the plaintiff. It was the duty of the agent to remove him. The plaintiff was under no obligation to do so. Nor had the plaintiff a right to succor the boy at the town's expense, unless there was a necessity for it. Whether there was such necessity or not depended upon whether the boy was reasonably able, if turned from the plaintiff's doors, to safely proceed to the residence of the agent. It was in an Aroostook January; the boy was ten years old; the distance between houses was five and a half miles. The point on which the case turns may be one more of fact than of law. Much might depend upon the mental and physical capacity of the boy, his experience and education, his temperament and force of will. Judging the matter, however, upon the rules of law that regulate other questions dependent upon age, we think that the plaintiff was justified in harboring the boy, and that the defendants are liable for his support. An infant cannot choose a guardian until he is fourteen years old; is not by the common law considered as arriving at the age of discretion or puberty till fourteen; cannot commit crime under seven; is presumed, *prima facie*, not to be capable of crime under fourteen, though he may be; a female under ten is incapable of consenting to an offense upon her person; and at no age is an infant bound by his contracts, unless to supply him with necessaries. See *Lamson* v. *Newburyport*, 14 Allen, 30.

The defendants question the correctness of plaintiff's declaring on an account annexed. The point is taken too late. If relied upon, it should have been reserved in the case agreed. It cannot be taken for the first time at the argument. *Crocker* v. *Gilbert*, 9 Cush. 131. *Brettun* v. *Fox*, 100 Mass. 234. *Moore* v. *Philbrick*, 32 Maine, 102.

*Defendants defaulted.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.