MARY E. PAUL *vs.* MARY F. PAUL & another.

Essex. Nov. 9, 1883. — Jan. 3, 1884. W. ALLEN & HOLMES, JJ., absent.

The widow of a person who had acquired an estate of homestead continued, with his minor children, to occupy the premises, in which an estate of dower was set off to her, for several years, when she built a house elsewhere and moved her household goods into it, and has since resided there. The children continued to live on the premises, and ceased to be minors before the widow moved therefrom. When the widow moved into the house built by her, she did not know that she had a right of homestead in the premises, and never intentionally abandoned such right. *Held*, that the widow had ceased to occupy the premises, and was not entitled to an estate of homestead therein.

PETITION, dated July 12, 1882, to have a homestead set off in an estate in Lawrence, under the Pub. Sts. *c.* 123. The case was submitted to the Superior Court, and, after judgment for the respondents, to this court on appeal, upon agreed facts, in substance as follows :

The estate in question was conveyed to Nicholas G. Paul in 1848, and was thereafter occupied by him with his family as a

---

residence, until his death, on March 7, 1870. He died intestate, and his estate was solvent and was duly administered.

The petitioner is the widow of Nicholas G. Paul, and the respondents are his two daughters and heirs at law; and they have never been married. There are no minor children.

The petitioner, after the death of her husband, resided on said estate until 1881, when she erected a house in Lawrence, and, after its completion, moved her household goods into it, on November 15, 1881, and has since resided in said house. The respondents have since lived in the first-named house, and had all ceased to be minors before 1881.

Upon a petition filed in the Probate Court, on January 24, 1881, an estate of dower was set off to the petitioner, on June 13, 1881.

The remaining portion of the estate not set off to the petitioner in dower is of more than $800 in value.

The petitioner, when she moved into the house built by her, did not know that she had a right of homestead in the premises, and never intentionally abandoned her right to a homestead therein.

*D. Saunders*, (*C. G. Saunders* with him,) for the petitioner.

*E. T. Burley & C. U. Bell*, for the respondents.

COLBURN, J. It is apparent, from the facts agreed, that Nicholas G. Paul acquired an estate of homestead in the premises in question, under the St. of 1855, *c.* 238, which was preserved by subsequent legislation, and continued until his death, in 1870. *Dulanty* v. *Pynchon*, 6 Allen, 510.

Section 12 of the Gen. Sts. *c.* 104, is as follows: " The estate or right of homestead of any householder, existing at his death, shall continue for the benefit of his widow and minor children, and be held and enjoyed by them, if some one of them occupies the premises, until the youngest child is twenty-one years of age, and until the marriage or death of the widow." Under this provision, the petitioner and the respondents had an estate of homestead after the death of Paul. But the respondents had an estate of homestead during their minority only, and, as they had both become of age before 1881, all their estate of homestead has ceased. The assignment of dower did not affect the estate of homestead. *Mercier* v. *Chace*, 11 Allen, 194. *Weller* v. *Weller*,

131 Mass. 446. The petitioner continued to occupy the premises until November 15, 1881, when, having built another house, she moved her household goods into it, and has ever since resided there, and, as all the facts show, with no intention of returning to the homestead estate. The petitioner's right to possession and enjoyment of the estate of homestead depended upon occupancy. *Abbott v. Abbott*, 97 Mass. 136. The occupation of the dower estate was not an occupation of the estate of homestead. The assignment of dower separated entirely the dower estate from the estate of homestead. All estate of homestead in the respondents had ceased, and their occupation cannot avail the petitioner. We do not think the petitioner's ignorance that she had an estate of homestead affects the question before us. It does not appear whether it was ignorance of law or of fact. In either case, it cannot affect the fact that she ceased to occupy the premises, and could only enable her to claim that, if she had known she had an estate of homestead, she would have acted differently.

It is difficult to see how a clearer case of ceasing to occupy the estate of homestead could be shown, and, if we give any force whatever to the words of the statute, "if some one of them occupies the premises," we must hold that the petition cannot be maintained.                    *Judgment for the respondents.*