MARGARET E. FOSTER *vs.* HELEN M. LELAND

Middlesex.    Jan. 13. — Feb. 25, 1886.    DEVENS & GARDNER, JJ.,
absent.

A widow, who, in the lifetime of her husband, voluntarily leaves, with him, and
with no intention of returning thereto, premises owned by him, and occupied by
them for three years as a homestead, under the St. of 1851, *c.* 340, he having
conveyed them by a deed in which she joins in release of dower only, cannot
maintain a writ of entry to recover the premises.

WRIT OF ENTRY, dated August 2, 1884, to recover a parcel
of land in Holliston. Plea, *nul disseisin.* The case was sub-
mitted to the Superior Court, and, after judgment for the ten-
ant, to this court, on appeal, upon agreed facts, in substance as
follows:

The demanded premises came into the possession of George
H. Foster, the husband of the demandant, by warranty deed,
dated October 1, 1851, and recorded on October 15, 1851, in
which said premises are described as " designed for a home-
stead."

The premises were conveyed by George H. Foster to Jonathan
Bullard, by quitclaim deed, dated December 10, 1853, and re-
corded June 14, 1854, in which deed the demandant released
dower, but made no mention of homestead.

The premises have been conveyed to successive holders for
value, and are now in the possession of the tenant, who inherited
them from her father, Cyrus Marsh, to whom the land was con-
veyed in 1859.

George H. Foster died on January 6, 1868, without having
acquired another homestead, and leaving a widow, the demand-
ant, and two children, both over twenty-one years of age at the
date of the writ in this action.

The demandant was married to said Foster in 1846, and lived
with him upon the demanded premises from October, 1851, until
the end of the year 1854. She then left the premises voluntarily,
with her husband, and went to Worcester, having at that time
no knowledge of the existence of the homestead right, if any,
and no intention of returning to Holliston.

The value of the premises in 1853 was $400, and in 1868 and in 1884 it was $600; and the annual rental value of the premises during the six years preceding the date of the writ was $50.

*C. P. Greenough & J. P. Parmenter*, for the demandant.

*S. A. Phillips*, (*W. A. Kingsbury* with him,) for the tenant.

HOLMES, J. The demandant left the premises voluntarily with her husband at the end of the year 1854, and went to Worcester with no intention of returning to Holliston. Her husband died on January 6, 1868, and she appears to have made no claim and no attempt to occupy the premises up to the date of the writ, August 2, 1884.

The homestead exemption created by the act of 1851 is continued after the householder's death for the benefit of his widow and family only in case of "some one of them continuing to occupy such homestead." St. 1851, c. 340, § 2. It is settled that, if the demandant had left as she did, after her husband's death, her right of possession would have been lost. *Paul* v. *Paul*, 136 Mass. 286. *Abbott* v. *Abbott*, 97 Mass. 136. *Brettun* v. *Fox*, 100 Mass. 234, 235. We are of opinion that no sufficient distinction can be found in the fact that she left in her husband's lifetime, as she left voluntarily, and has remained away voluntarily for years after his death. She has not satisfied the condition attached to the provision in her favor.

It is unnecessary to consider the other questions which have been argued, or whether the case might not stand differently if the demandant had been driven from the premises by her husband, and after his death had been kept out by the tenant.

*Judgment for the tenant affirmed.*