5   197
5   272
14*  129
15*    1
5   197
8   210
14*  129
30*  752

## JOSEPH W. RANDS AND OTHERS, RESPONDENTS, v. EDWARD BRAIN, APPELLANT.

SETTING APART ESTATE FOR FAMILY IN PROBATE COURT.—When the Probate Court, under section 850, Compiled Laws, 1876, sets apart for the use of the family of the deceased, consisting of the widow and four minor children, certain real estate, the assignment in said court does not vest the title in the fee in the widow alone, so that she could convey it absolutely, to the exclusion of the heirs and members of the family of the deceased.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Mr. Arthur Brown*, for appellant.

*Mr. C. O. Whittemore*, for respondents.

HENDERSON, J.:

This is an action of ejectment. The plaintiffs claim title to the disputed premises as heirs-at-law of Joseph Rands, deceased, who died intestate in 1875. His estate was administered in the probate court in 1879, and the premises in dispute being the only property belonging to the estate, and of the value of only $500, were "set apart" by the decree of the probate court, "for the use of the family of the deceased, consisting of the widow and four minor children," under section 850, Compiled Laws 1876, p. 304.

The widow thereafter conveyed the premises by warranty deed to the defendant. She has since died. The defendant claimed title to the entire premises under this deed. The court below refused to receive this deed as evidence of such title in the defendant, and held that the assignment in the probate court under the statute above referred to, did not vest the title in fee in the widow alone so that she could convey it absolutely to a stranger to the exclusion of the other members of the family and heirs of the deceased; that the statute only gave her the *use* of the land,—and

the only question before us is whether the court construed the statute correctly.

The defendant contends that, under this statute, when the family consists of the widow and minor children, and the probate court sets real property apart for the use of the family, the fee in the land is transferred absolutely to the widow, to the exclusion of all the heirs; and that the deed of the widow to the defendant conveyed the title to him. The statute is as follows:

"Sec. 850. If, on the return of the inventory of any intestate estate, it shall appear that the value of the whole estate does not exceed the sum of ten hundred dollars, the probate court, by a decree for that purpose, shall assign for the use and support of the widow, and minor child or children if there be no widow, the whole of the estate, and there shall be no further proceedings in the administration unless further estate be discovered."

This section is but one of a large number relating to the settlement and distribution of the estates of decedents and probate procedure, and its provisions can only be understood by considering all of the provisions bearing upon the subject. Section 701, p. 273, provides that "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court for the purpose of administration." Section 845 provides that the widow or minor children may remain in the homestead until letters of administration are granted. Section 846 provides that, at any time after the return of the inventory, the probate court may, upon its own motion, or on application, "set apart for the use of the family of the deceased all of the real and personal property which is by law exempt from execution." Section 847 authorizes the court to make further allowance out of the estate for the support of the widow and children, if the amount already set apart is insufficient for that purpose. Section 849, being the section immediately preceding the one under consideration, and part of the same act, is as follows: "When property shall have been set apart for the use of the family in accordance

with the provisions of this act, the same shall pass to such surviving family in equal shares: provided, the portion inherited by the widow, upon her death, pass to the heirs of the deceased husband."

We are of the opinion, considering all these provisions of the statute, that section 850 only gives to the widow the use of the property assigned to the family; and that when the family consists of a widow and minor children, and the property is "set apart for the use of the family," the widow does not become the absolute owner of such property to the exclusion of the heirs and members of such family. It is unnecessary to determine in this case, what interest the widow would take if there were no other members of the family, and the assignment in the probate court, was to her alone, or the respective rights of adult and minor heirs. The order of the probate court, in this case, expressly determined that the family consisted of the widow and four minor children, one of whom is a party plaintiff to this suit, and the assignment of the probate court was "for the use of said family." No doubt the use intended is the ordinary use of such property as is assigned. If it is personal property, that could only be used by consumption, then such use might be made of it, and the widow, as the succeeding head of the household, would administer and direct its use. But the other members of the "family" would still retain and have a substantial right and interest in the property. The construction of this statute contended for by the defendant might lead to results entirely foreign to its object. Suppose the widow had adult children by a former husband, and the minor children of the deceased constituting the family are her step-children, and she had died the next day after this assignment was made in the probate court,—then, according to the claim of the defendant, this property would have descended to her children, to the exclusion of the children of the deceased. The authorities cited by the defendant as favoring his construction of the statute are under statutes materially different from the one under consideration. In the case of *Nevin's Appeal*, 47 Pa. St. 230, cited by defendant, and which was relied upon as being most in point, the statute provided that "the

widow or the children of any decedent, dying testate or intestate, may retain either real or personal property to the value of $300." There were no minor children who were members of the family, and the widow selected and retained the property, and the contention was between her and the adult heirs; and the court, in deciding that the widow was entitled to the possession of the property, say: "Regard for the manifest intention of the legislature requires us to hold that children who are adults, who are not members of the immediate family of the decedent, but have gone out from the paternal home to provide for themselves, are not the beneficiaries intended."

The following cases, while they construe statutes materially different from the one under consideration, favor the construction contended for by the plaintiff: *Abbott* v. *Abbott*, 97 Mass., 136; *Gaskell* v. *Case*, 18 Iowa, 147.

The statute is very vague and indefinite, and therefore difficult of construction and application. This has been recognized by the legislature, and in Sess. Laws 1884, pp. 407, 408, these provisions were re-enacted. The same general policy was retained, but many of the uncertainties and inconsistencies were obviated and corrected.

We think there was no error, and the judgment below should be affirmed.

ZANE, C. J., and BOREMAN, J., concurred.