CAROLINE C. PRATT *vs.* DAVID J. PRATT.

Norfolk.     March 2, 1894. — May 15, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Set-off of Homestead Estate — Effect of Devise in Lieu of Dower on Homestead Rights — Effect of Widow's Absence from Homestead.*

A person, having from a time prior to 1840 owned land on which was a single house built for one family and having but one front door, acquired an estate of homestead therein. From 1852 until his death in 1889 he, with his wife, lived in one half of the house, while his son, with his family, lived in the other half, but the cellar, hallways, stairs, some rooms in the second story, and the barn were used by them in common. *Held,* that he had an estate of homestead in the entire estate.

The right of homestead is a freehold estate for the life of the husband, and for such further time after his death as his widow shall continue to occupy the homestead, which cannot be affected by the will of the husband.

A widow of a person having an estate of homestead, who, on the day after the funeral of her husband, being of advanced age and ill, unwillingly leaves the homestead estate, and lives for two months with neighbors, but who leaves various articles of furniture and household goods on the premises, intending to return, although in fact she never does, is not thereby deprived of her right to have an estate of homestead set off to her.

PETITION to have an estate of homestead set off from an estate in Weymouth, under the Pub. Sts. c. 123.

Hearing in the Superior Court without a jury, before *Hopkins,* J., who found for the petitioner, and ordered partition as prayed for, and, at the request of the respondent, reported the case for the determination of this court in substance as follows.

David Pratt, the husband of the petitioner and the father of the respondent, was, from a period prior to 1840 until his death in 1889, the owner of premises in Weymouth which contained a single house built for one family and having but one front door. From 1852 until the filing of this petition, David J. Pratt, the respondent, with his family, had been allowed to live in the northerly half of the house, while his father, David Pratt, and the petitioner lived in the southerly half, but the cellar, hallways, stairs, some rooms in the second story, and the barn were used in common. By the seventh

clause of his will, David Pratt devised to the petitioner, " instead of dower, the use and income of that part of my dwelling-house, barn, outbuildings, and land . . . which have been recently occupied by me, and not by my son, David J. Pratt, to hold during her life." By the eighth clause he devised to the respondent all of his real estate in fee, subject to the above recited occupancy and use by the petitioner.

On the day after the funeral of David Pratt, the petitioner, being of advanced age and ill, unwillingly left the premises, and was taken in and cared for by her neighbors for one or two months. During her absence she left various articles of furniture and household goods in the open hall chamber of the second story, in the cellar, barn, and dairy, and at the filing of the petition had not removed them; but the larger portion of her furniture, which the respondent in her absence and without her consent had removed from her part of the house to his, she subsequently took from the premises. When the petitioner left the premises she intended to return, but never did so. She boarded at various places in the vicinity, and let the portion of the premises formerly occupied by her and David Pratt to different tenants.

*J. W. McAnarney*, for the respondent.

*C. R. Clapp & H. N. Glover, Jr.*, for the petitioner.

LATHROP, J. It is conceded that David Pratt, the husband of the petitioner, had, at the time of his death in 1889, an estate of homestead, acquired under the St. of 1855, c. 238, which continued under the St. of 1857, c. 298, § 18, the Gen. Sts. c. 104, § 3, and the Pub. Sts. c. 123, § 3. The extent of this estate is in controversy. From a time prior to 1840 down to his death he was the owner of the premises described in the petition. The house was a single one, with one front door, and was built for one family. Since 1852, his son, the respondent, with his family, was allowed to live in a portion of the house, which may be described in general terms as the northerly half of the house, while David Pratt and the petitioner lived in the southerly half; the cellar, hallways, stairs, some rooms in the second story, and the barn being used in common. On these facts, we are of opinion that David Pratt had an estate of homestead in the entire estate.

If the part of the house in question had been rented to the respondent, the case would be on all fours with that of *Mercier* v. *Chace*, 11 Allen, 194. It does not appear whether the respondent paid rent or not; but we do not think that it makes any difference whether he was a tenant, or was merely allowed by his father to live there. See also *Lazell* v. *Lazell*, 8 Allen, 575.

The right of homestead which was thus acquired was a freehold estate for the life of the husband, and for such further time as his widow should continue to occupy the homestead. The husband could not affect it by his will. *Brettun* v. *Fox*, 100 Mass. 234. In this case the husband, who died possessed of a homestead estate consisting of a dwelling-house and land, by his will gave to his wife, the petitioner, an estate for life in one undivided third of the same, and the remainder in fee to his son, from whom the respondent derived his title; and the petitioner did not within six months waive the provisions of the will. It was held that the petitioner was entitled to have an estate of homestead set off to her.

It is provided by the Pub. Sts. c. 123, § 8, that "the estate of homestead existing at the death of a householder shall continue for the benefit of his widow and minor children, and shall be held and enjoyed by them, if some one of them occupies the premises." The fact that the petitioner left the premises the day after the funeral of her husband, and her continued absence, under the circumstances set forth in the report, do not deprive her of her right to maintain this petition. *Brettun* v. *Fox*, *Lazell* v. *Lazell*, and *Mercier* v. *Chace*, *ubi supra*. In *Paul* v. *Paul*, 136 Mass. 286, relied upon by the respondent, the widow left the homestead estate with the intention of not returning, having built another house. In the case at bar it is found that she intended to return.

According to the terms of the report, there must be

*Judgment for the petitioner.*