**In re Theodore A. FIFFY, Debtor.**

**No. 02–40536–JBR.**

United States Bankruptcy Court,
D. Massachusetts.
Western Division.

Aug. 6, 2002.

Michael B. Feinman, Andover, MA, for debtor.

David M. Nickless, Nickless and Phillips, PC, Fitchburg, MA, for Chapter 7 Trustee.

## MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

The matter before this Court for determination is the Chapter—Trustee's Objection to the Debtor's Claimed Exemption in real property. The issue presented is whether the owner of a single-family house may claim a homestead exemption in four contiguous lots of land. This Court overrules the Chapter 7 Trustee's Objection in part and holds that the Debtor may claim a homestead exemption in Lots 1 through 3 because his residential structure, outbuildings, and driveway are located on such lots and sustains the Objection in part and holds that the Debtor may not claim a homestead exemption on Lot A because it is not used in connection with the Debtor's principal residence.

## I. BACKGROUND

On March 15, 2001, prior to filing for bankruptcy, Theodore A. Fiffy (the "Debtor") filed a declaration of homestead pursuant to MASS. GEN. LAWS ch. 188, § 1 (2001 West) on four contiguous lots of land (Lots 1, 2, 3, and A) and his residential structure which sits on Lots 1 and 2, collectively known as 225 West Princeton Road, Westminster, Massachusetts (the "Property"). On January 28, 2002, the Debtor filed a voluntary Chapter 7 petition under the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). On Schedule C–Property Claimed as Exempt, the Debtor claimed an exemption in the Property pursuant to MASS. GEN. LAWS ch. 188, § 1 in the sum of $150,000 and scheduled the Property as having a value of $400,000. On Schedule D–Creditors Holding Secured Claims, the Debtor listed Hudson Savings Bank as a holder of a first mortgage on the Property in the sum of $185,000.00, Tacia A. Fiffy, the Debtor's mother, as a holder of a second mortgage on the Property in the sum of $65,000, and Paul O'Meara, the Debtor's neighbor, with an attachment on the Property for $100,000.

On March 25, 2002,[1] the Chapter 7 Trustee filed an Objection to the Debtor's Claimed Exemption and the Debtor filed an Opposition thereto. On May 2, 2002, this Court had a hearing on the Chapter 7 Trustee's Objection. Thereafter, the parties submitted an Agreed Statement of Facts and a Supplemental Agreed Statement of Facts stipulating to the following facts.

On June 17, 1982, the Debtor acquired Lots 1 through 3 simultaneously by deed and on June 2, 1988, he and his wife acquired Lot A by a separate deed. Subsequently, on March 15, 2001, all four lots were conveyed by one deed with the Debtor being the sole owner pursuant to a divorce decree.

Lots 1 through 3 have a minimum frontage on West Princeton Road of 200 feet, are approximately 400 feet in depth, and each Lot consists of 1.974 acres of land. Lot A has no frontage on any street, is located immediately to the rear of Lots 1 through 3, runs over 850 feet to Noyes Pond in the rear portion of the parcel, and consists of approximately 11.7 acres. The Plan for Lot A, which was prepared when it was purchased by the Debtor and his former wife, has a notation indicating that it is "not a separate building lot." All four lots are located in Zoning District R–III. Residential structures may be built in this zone if the parcel contains at least 86,000 square feet,[2] has not less than 200 feet of frontage on a road, and the structure has minimum setbacks from the road of 30 feet, from the rear property line of 20 feet, and from the adjacent property line of 15 feet.

The Debtor's single-family residential structure and the outbuildings are situated on Lots 1 and 2. The Debtor's driveway traverses upon Lot 3. The entire parcel of land, with the exception of the land that is cleared immediately around the residence, is wooded and may include wetlands. The Debtor does not grow crops on the land, use it as pastureland, use it for recreation, nor use it for any business purpose.

## II. DISCUSSION

 Section 522(*l*) of the Bankruptcy Code provides that property claimed by the debtor as exempt will be deemed exempt if no timely objections are filed. 11

---

**1.** The deadline for objecting to the Debtor's exemptions was set for March 27, 2002.

**2.** 86,000 square feet is equivalent to 1.974 acres of land.

U.S.C. § 522(*l*).[3] If an objection is filed, the objecting party, in this case the Chapter 7 Trustee, has the burden of proving that the homestead exemption is not properly claimed. See Fed. R. Bankr.P. 4003(c).[4]

The Massachusetts Homestead Statute allows a Massachusetts' resident to claim a homestead exemption upon the filing or recording of a homestead declaration. The Homestead Statute as amended provides, in pertinent part, the following:

> An estate of homestead to the extent of $300,000 in the *land and buildings* may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment. levy on execution and sale for payment of debts or legacies except in the following cases: ...

> For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word 'family' shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

MASS. GEN. LAWS ch. 188, § 1.

The question then becomes what does it mean to "occupy or intend to occupy said home" under the facts of this case. As set forth below, the Court concludes that occupation is dependent upon the "use" of the property.

■■ This Court finds that the Debtor has a properly claimed homestead exemption in Lots 1 through 3 because the Debtor's principal residence, outbuildings, and driveway are positioned on such lots and, thus, those lots are encompassed within the definition of "land and buildings ... occup[ied] ... as a principal residence" pursuant to the Homestead Statute. The more difficult question is whether Lot A, a contiguous tract of land not used in connection with the Debtor's principal residence, is part of the Debtor's homestead. The Massachusetts Homestead Statute does not mention whether a contiguous lot of land that is not used in connection with the residence is part of the homestead.

■ The Supreme Judicial Court has consistently held that "homestead exemptions should be liberally construed in favor of debtors" to comport with their beneficent spirit of protecting the family home. *Dwyer v. Cempellin*, 424 Mass. 26, 29, 673 N.E.2d 863, 866 (1996) (citations omitted). Because of this general policy of liberally construing the homestead exemption, Massachusetts cases have allowed property to be exempted under circumstances where only a portion of the dwelling structure

---

**3.** "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*).

**4.** "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr.P. 4003(c).

was used by the declarant. See *Mercier v. Chace*, 93 Mass. 194, 11 Allen 194, 1865 WL 3260, *2 (1865) ("[T]he homestead estate may be taken to include an entire dwelling-house, although a portion of the same is occupied by a third person paying rent therefor to the owner."); *Lazell v. Lazell*, 90 Mass. 575, 8 Allen 575, 1864 WL 3392, *2 (1864) (An estate of homestead includes a hotel "where the family residence is as much fixed and as perfectly enjoyed as in dwelling-houses occupied by private families."); *Pratt v. Pratt*, 161 Mass. 276, 277–78, 37 N.E. 435, 436 (1894) (An estate of homestead extends to an entire house even though the declarant's son lived in a portion of the house and may have been paying rent).

In a more recent case, this Court in *In re Kewriga*, No. 01–44262, 2002 WL 484942, Slip Op. (Bankr.D.Mass. October 29, 2001), allowed a homestead exemption in property where some of the units were used as rental units. Recently, in *In re Brizida*, 276 B.R. 316, 322–23 (Bankr. D.Mass.2002), Judge Feeney held that owners of a three-family structure were entitled to the homestead exemption in the entire property even though two units consisted of rental property.

However, the issue in the foregoing cases is different from the issue in the case at bar. The previous cases analyzed a situation where the declarant used a portion of a structure as his principal residence. Here, the issue is whether a land contiguous to the Debtor's principal residence and not used in connection with his principal residence should be part of the homestead.

■ The answer to whether Lot A is part of the Debtor's homestead is found by examining the purpose and policy of the statute. The purpose of the Massachusetts Homestead Statute is to protect the home from the claims of creditors for the benefit of the homestead declarant and his or her family. *Dwyer*, 424 Mass. at 29–30, 673 N.E.2d 863. The Massachusetts Supreme Court in *Shamban v. Masidlover*, 429 Mass. 50, 705 N.E.2d 1136 (1999), reiterated the public policy behind the homestead exemption, stating:

> Homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors. Homestead laws are based on public policy that favors preservation of the family home regardless of the householder's financial condition. Furthermore, homestead laws tend to prevent debtors and their families from becoming public charges. In light of the public policy and the purpose of the statutes, this court has construed the State homestead exemptions liberally in favor of debtors. This approach is in keeping with authority in other jurisdictions.

*Id.*, 429 Mass. at 53, 705 N.E.2d at 1138 (citations and quotations omitted).

Allowing the Debtor to exempt Lot A, an 11.7 acre piece of land that is not used in connection with the Debtor's residence, does not further the purpose and policy of the homestead exemption. The policy of protecting the Debtor's family residence from the claims of creditors is not thwarted by disallowing the Debtor to claim Lot A as exempt. It adds nothing in preventing the Debtor and his family from becoming public charges. To allow this parcel of land to be exempted would be allowing a windfall to the Debtor. The purpose of the homestead exemption is realized by allowing the Debtor to exempt his principal residence and the contiguous lots of land that are used in connection with his residence.

This conclusion is further supported by earlier Massachusetts homestead cases

which have implied that a declarant's use of the tract of land is relevant to a determination of whether such land is part of the Debtor's homestead. "[T]he term 'homestead' might include land not contiguous to the dwelling-house, if intimately connected and used with it . . ." *Aldrich v. Gaskill,* 64 Mass. 155, 10 Cush. 155, 1852 WL 4632, *2 (1852), citing *Taylor v. Mixter,* 11 Pick. 341, 28 Mass. 341, 1831 WL 2697 (1831). Accordingly, *Aldrich* infers that land contiguous to a principal residence may be included in the homestead if it is used in connection with the dwelling. Additionally, the court in *Adams v. Jenkins,* 82 Mass. 146, 16 Gray 146, 1860 WL 6964, *2–3 (1860), held that a tract of land two miles and a half from the declarant's homestead farm was not exempt because sufficient facts were not presented "to show that the second described parcel of land was used and occupied as part of the homestead of the mortgagor." In a decision issued by Judge Feeney on August 5, 2002, the court held that a contiguous parcel of land is part of the homestead because the debtor built a garden shed and a dog run on the parcel and "treated the adjoining parcel as an integral part of their homestead . . ." *In re Gary E. Edwards,* 281 B.R. 439 (Bankr.D.Mass.2002) Therefore, it appears that the Debtor's "use" of the contiguous lot of land in connection to the residence is of the utmost importance in deciding whether such lot is as part of the homestead.

This Court's finding that the declarant's "use" of the land is a relevant inquiry into a homestead analysis is not a new concept. Other states have held that a homestead exemption may be claimed in a tract of land adjoining that on which the residence is situated, provided, generally, that the tract is used in connection with the residence. See *In re Schriock,* 192 B.R. 514, 515 (Bankr.D.N.D.1995) (two contiguous tracts of land may be included in the homestead as long as the second tract is used in connection with the tract on which the dwelling is located); See also *Thomas v. Sternhagen (In re Thomas' Estate),* 178 Neb. 578, 584, 134 N.W.2d 237, 241 (1965); *In re Dudeney,* 159 B.R. 1003, 1005 (Bankr.S.D.Fla.1993) (The relevant focus in determining if a contiguous tract of land is part of the homestead is its use.); *In re Ripp,* 176 B.R. 972, 975 (Bankr.M.D.Fla. 1994) (Debtors may claim homestead on two contiguous lots which are adjacent to primary residence as exempt under Florida homestead exemption where there is a satellite dish, playhouse, fruit trees, and an installed sprinkler system); *In re Mann,* 82 B.R. 981, 984–85 (Bankr.W.D.Wis.1986) (debtors may claim homestead exemption in parcel of land on which pole shed is located on and adjoins parcel on which residence is located, where it is both the implied and expressed intent of debtors to treat and consider the parcel as homestead property).

■ Accordingly, this Court finds that the relevant inquiry in determining if Lot A is part of the homestead is its "use" in connection to the Debtor's principal residence. That "use" must be material in connection to the principal residence and not superflous.[5] Lot A is not used in any fashion whatsoever in connection with the Debtor's residence; it is simply a large wooded area that may or may not be subdividable. Whether the Lot, however, can be subdivided or buildable, while relevant to the question of value, is not relevant to the analysis of whether it is exempt under

---

5. This Court does not have to decide what constitutes "material use" because in this case the Debtor does not use Lot A at all.

the Homestead Statute. Therefore, this Court finds that Lot A is not part of the homestead because its exemption does not further the purpose and spirit of the Homestead Statute and it is not used by the Debtor in connection with his principal residence.

## III. CONCLUSION

For the foregoing reasons, this Court finds that Lots 1 through 3 are entitled to the homestead exemption and that Lot A is not entitled to the homestead exemption. A separate Order will issue.