**In re John L. EDMONDS, and Esther Carmen Edmonds, Debtors.**

**Bankruptcy No. 281–03926.**

United States Bankruptcy Court,
M.D. Tennessee,
Cookeville Division.

Jan. 4, 1983.

John Camp, Sparta, Tenn., for debtors.

John C. McLemore, McMackin, Garfinkle & McLemore, Nashville, Tenn., trustee.

## MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the court on the debtors' motion to amend schedule B–4 to

---

claim as exempt a joint federal income tax refund in the amount of $1,760. For the reasons stated below, this court concludes that debtors' motion to amend their exemption schedules should be DENIED.

The facts are undisputed. The debtors, John Leroy Edmonds and Esther Carmen Edmonds, filed a voluntary Chapter 7 petition on December 14, 1981. In their statement of affairs, the debtors noted that they had received an income tax refund in the amount of $1,806.06 in 1980 and they estimated their 1981 tax refund to be approximately $1,500. The debtors, however, failed to claim any exemption in their estimated tax refund on schedule B-4.

The debtors' meeting of creditors was held on January 6, 1982. The order and notice issued for the debtors' meeting of creditors specifically stated that "unless the court extends the time, any objections to the claims of the debtor of exempt property must be filed no later than 15 days after the meeting of creditors."

The trustee submitted a no asset report on January 25, 1982 and the debtors were granted a discharge on February 24, 1982. The court approved the trustee's report of no assets and closed the case on April 29, 1982.

The debtors filed their 1981 tax return on March 30, 1982 calculating a tax refund of $1,760. The debtors did not inform either their attorney or the trustee of the refund. The trustee subsequently received the refund check from the IRS. On June 7, 1982, the trustee filed an application to reopen the case in order to administer the proceeds of the refund check. The court granted the trustee's application on June 17, 1982. On June 11, 1982, the debtors' attorney filed a motion to amend schedule B-4 to claim one-half of the refund check exempt to the extent that Esther Edmonds had sufficient unused exemptions. Debtors' attorney subsequently filed a motion on June 24, 1982 seeking to claim the entire amount of the check exempt. The trustee objected to debtors' motion to amend as untimely filed.

This matter is controlled by the court's recent decision in *In re Williams*, Case No.

380–02747 (Bankr.M.D.Tenn. Nov. 23, 1982). In *Williams*, the court reiterated its previous holding that the court's order and notice issued for each debtor's meeting of creditors requires a debtor to file any amendment to his exemption schedule within 15 days after the meeting of creditors, with a limited exception that an amendment to exempt "newly discovered" assets will be allowed without leave of court pursuant to Bankruptcy Rule 110. *See In re Brewer*, 17 B.R. 186, 188–189 (Bkrtcy.M.D. Tenn.), *aff'd.* 22 B.R. 983 (M.D.Tenn.1982).

We have noted, however, that the 15 day time limitation is not absolute. As the court explained:

The debtor in this case could make a motion to extend this time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure . . . Rule 906(b)(2) permits the court to grant such an extension after the deadline for filing has passed *if* the requesting party's failure to timely file was the result of 'excusable neglect.'. . .

The decision whether to allow an extension of time under Rule 906(b)(2) is a matter vested within the sound discretion of the court . . . Such an extension should only be granted in exceptional circumstances. The court must consider all relevant criteria in determining whether to grant an extension of time, including (1) the length of the delay in requesting an amendment, (2) any actual prejudice to the trustee or creditors caused by the debtor's failure to timely claim an exemption, (3) the debtor's perception of the claimed exemption at the time of the filing of his original schedules, (4) if the debtor was represented by counsel, whether an attorney experienced in the practice of bankruptcy law would have claimed the exemption at the time of filing of the petition, (5) the detrimental effect on the debtor's fresh start if the amendment is disallowed and (6) whether any party in interest raises an objection to the debtor's motion for an extension of time . . . The debtor bears the ultimate burden of proof to demonstrate that the

circumstances merit an extension of the 15 day time period. (citations and footnotes omitted).

*In re Williams,* Case No. 380–02747, slip op. at 6–7.

■ The debtors have failed to prove excusable neglect under the standards articulated in *Williams.*[1] The debtors have presented no compelling reason as to why they failed to comply with the amendment deadline. The debtors had sufficient knowledge of their tax refund to timely schedule an exemption. The debtors acknowledged in their statement of affairs that they had received a substantial tax refund in 1980 and estimated a 1981 tax refund of approximately $1,500. This knowledge should have caused both the debtors and their attorney to anticipate the need to schedule the refund as an exemption. The attorney could have utilized the debtors' remaining exemptions to exempt any forthcoming tax refund.

■ Counsel argues that the debtors' failure to include the exemption should be excused because the exact amount of their refund was unknown at the time their petition was filed. Although the inability to precisely ascertain the amount of an exemption will not excuse the failure to schedule a reasonable estimate of the amount, counsel's argument is particularly unpersuasive in the instant case where counsel carefully scheduled exemptions in "any equity" and "any property covered by Tenn.Code Ann. § 26–2–103." Counsel was obviously aware that mathematical certainty is not required to effectuate an exemption. Furthermore, the debtors had still clearer knowledge of the refund on March 30, the date their return was filed. The debtors, however, took no action to inform their attorney or the trustee of any potential assets. The debtors instead waited until the trustee had expended time and effort to reopen the estate and at least three creditors incurred expense in filing proofs of claim before soliciting an amendment to their exemption schedules. Such actions do not support a finding of excusable neglect.

■ The strict application of the excusable neglect standard will have an important impact on bankruptcy planning and practice. This court receives a constant barrage of requests to amend exemption schedules to add income tax refunds in cases long since closed. The strict enforcement of time limitations is "necessary to insure the efficient and orderly administration of the estate." *In re Brewer,* 17 B.R. at 189; *Redmond v. Tuttle,* 16 B.R. 470, 472 (D.Kan.1981); *In re Eldridge,* 15 B.R. 594, 595 (Bkrtcy.S.D.N.Y.1981). Both the bankruptcy trustee and creditors rely on the debtors' exemption election in determining a course of action during the pendency of the bankruptcy case. The Bankruptcy Code places an affirmative obligation on the debtors to bring themselves within the protections offered by the federal bankruptcy law. *In re Williams,* Case No. 380–02747 slip op. at 7. The court need not compromise the efficiency of the bankruptcy system when debtors have negligently failed to avail themselves of benefits under the Code. Therefore, attorneys practicing in bankruptcy must be particularly sensitive to the potential availability of income tax refunds and solicit all possible information from their clients, lest important exemptions be forever lost.

Accordingly, debtors' application to amend their exemption schedules is DENIED.

IT IS SO ORDERED.

---

1. For the purposes of this decision, the court will treat the debtors' application as a motion for an extension of time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure.