**In re John Leroy EDMONDS and, Esther Carmen Edmonds, Debtors.**

**Bankruptcy No. 281–03926.**

United States Bankruptcy Court,
M.D. Tennessee,
Cookeville Division.

Feb. 11, 1983.

John Camp, Sparta, Tenn., for debtor.

John C. McLemore, trustee, Nashville, Tenn.

## MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the court on debtors' motion for a new trial or amendment of this court's judgment of January 4, 1983, 26 B.R. 113, denying debtors' motion to amend their exemption schedules. The debtors argue that: 1) the court misconstrued the procedural posture of their case; 2) the trustee abandoned any interest he may have had in the tax refund check; 3) the court should reverse its finding that debtors' untimely motion was not occasioned by excusable neglect; and 4) the trustee is only entitled to those portions of the tax refund generated after his appointment. After consideration of the entire record, the brief and argument of debtors' counsel, and the applicable authority, the court holds that the debtors' motion for a new trial should be denied, and debtors' motion for an amended judgment should be granted.

■ Debtors argue that the judgment is improper because the matter is not before the court on debtors' motion to amend schedule B–4, but rather on debtors' opposition to the trustee's application to reopen. The debtors' disagreement with the court's characterization of the case's procedural posture is incorrect. The court finds that the case has been reopened and no issues concerning the propriety of the reopening have been raised. After the case had been closed, the trustee received debtors' tax refund check and promptly moved to reopen the estate to administer assets on June 7, 1982. The reopening of closed cases is governed by 11 U.S.C.A. § 350(b) (West 1979), which expressly allows a court to reopen a case "to administer assets." It is within the sound discretion of the bankruptcy judge to either reopen a case or refuse to do so. *Wragg v. Federal Land Bank,* 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300 (1943); *Maryland Hotel Supply Co. v. Seats,* 537 F.2d 1176 (4th Cir.1976); *Bare v. Mousetrap of Miami, Inc.,* 465 F.Supp. 130 (S.D.Fla.1979). Debtors responded to trustee's application to reopen by filing a document entitled "Motion to Amend Schedule B–4" filed on June 11, 1982. The court reopened the case by order dated June 17, 1982. Subsequent to the order, the debtor filed a second motion entitled "Motion to Amend Schedule B–4" filed on June 24, 1982. The trustee filed an "Objection to Debtors' Motion to Amend Schedule B–4" on June 28, 1982. A hearing was scheduled for July 21, 1982 on the trustee's objection. Debtors' counsel failed to make an appearance at the hearing and the trustee's motion objecting to the amendment was granted by order dated July 28, 1982. The debtors filed a motion to reconsider and a hearing was conducted on September 20, 1982. The matter was taken under advisement and an order denying debtors' motion was issued January 4, 1983. The debtors again seek reconsideration and a new trial.

The debtors argue that the income tax refund belongs to them because it was abandoned by the trustee. In accord with this court's opinion in *In re Medley,* Case No. 381–03597 (Bankr.M.D.Tenn. Jan. 28, 1983), debtors' argument concerning abandonment is rejected. The court stresses that the burden is upon the debtor to claim property as exempt. Persons filing bankruptcy must make an affirmative effort to bring themselves within the exemptions provided by the Code. Exempting property is not a game of "hide and seek" wherein the debtor quietly retains all property that the trustee does not find and then moves to amend the exemption schedules when the trustee becomes aware of the property.

■ The debtors argue that they should be allowed to amend their schedules to further their "fresh start." This court notes that consideration of the debtors' fresh start is one of only six factors which is relevant in considering whether leave should be granted to amend exemption schedules. *In re Williams,* 26 B.R. 741 (Bankr.M.D.Tenn.1982). After balancing these six factors, the court continues to find no reason justifying debtors' failure to claim the income tax refund as exempt on their original petition. The debtors' knowledge of the refund, their attorney's sophistication in bankruptcy practice, the delay occasioned by the debtors in seeking an amendment, and the prejudice to the trustee, who expended time and money to reopen the case, and to creditors, who expended time and money to file proofs of claim, all outweigh the debtors' asserted interest in an untimely exemption.

Finally, debtors argue that the trustee is only allowed to recover that portion of the 1981 tax refund accumulated during his appointment. The debtors assert that the trustee's share constitutes at most 3/13rds of the refund. The court finds debtors' position without merit. The Supreme Court has determined that income tax payments accrued prior to the filing of bankruptcy are property of the estate. *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). And as we have previously noted, "this court can discern no reason why all income tax payments withheld from wages prior to filing would not constitute property of the estate. Absent proof that some other approach should be taken,

the refund for the year of filing should simply be prorated as of the date of the filing of the petition." *In re Griffin,* 1 B.R. 653, 654–655 (Bkrtcy.M.D.Tenn.1979). The trustee is, therefore, entitled to all portions of the refund generated prior to the filing of the petition on December 14, 1981. However, because the court is unable to determine from the record what precise portion of the income tax refund accrued prior to the filing of the petition, a hearing must be scheduled to determine what percentage of the refund is property of the estate.

Accordingly, debtors' motion for a new trial is DENIED. Debtors' motion for an amendment of judgment is GRANTED. If the debtors' counsel and the trustee are unable to agree on the amount of the trustee's entitlement in the refund check, that amount will be determined at a hearing scheduled for the 7th day of March, 1983 at 2:30 p.m. in the Old Post Office and Courthouse, 9 Broad Street, Cookeville, Tennessee.

IT IS SO ORDERED.