**In re Robert Edward DRAKE, Debtor.**

**Bankruptcy No. 89–3287–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 31, 1989.

Norman Davidson, Tampa, Fla., for debtor.

Roy W. Cohn, Gibbons, Smith, Cohn & Arnett, P.A., Tampa, Fla., for Bank of Tampa.

V. John Brook, Jr., St. Petersburg, Fla.

ORDER ON OBJECTION TO CLAIM
OF EXEMPTIONS BY BANK
OF TAMPA

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is an objection by Bank of Tampa (Bank) to the Debtor's claim that a vacant lot located at 3624 West Cass Street in Tampa, Florida, which is adjacent to the Debtor's primary residence is exempt as part of his homestead pursuant to Florida Constitution, Article X, § 4. The Bank contends that the vacant lot is not part of the Debtor's homestead in that there are no structures on the lot and that the only use of the property is the storage of vehicles and equipment used by the Debtor in conjunction with a business known as Drake Enterprises, Inc., and a business known as E & M Improvements, Inc. Further, the Bank argues that the property in question, although claimed as a homestead exemption, was never granted a homestead exemption for taxation purposes, and that the Debtor receives two tax bills, one for the property located at 3622 West Cass Street, which is the Debtor's primary residence, and one for the property located at 3624 West Cass Street, the property involved in this controversy.

In addition, the Bank also contends that the Debtor is estopped from claiming the lot as part of his homestead because he failed to list the property on his original schedules of assets filed with his Petition for Relief under Chapter 7 of the Bankruptcy Code.

In support of his claim of exemptions, the Debtor contends that the entire two lots are surrounded by one fence and that the two lots are contiguous, and that together they are less than one half of an acre which is the size limitation within a city limit placed on the homestead exemption by Article X, Section 4(a) of the Florida Constitution. The following facts which are relevant to the matter under consideration as established at the final evidentiary hearing are as follows:

The Debtor purchased his primary residence located at 3622 West Cass Street in Tampa in 1970. In 1979 he purchased the adjacent lot located at 3624 West Cass Street. The Debtor claims that he intended to use the lot to enhance his primary residence and also to use said place for his children to play. It is without dispute that there are no structures on the vacant lot and that the only objects which are visible appear to be a shed and some vehicles which are used by the Debtor in his business. In 1987, in an attempt to obtain credit, the Debtor filled out and signed a personal financial statement and credit application which he signed and submitted to the Bank. Under the section entitled, "Real Estate Owned", the Debtor listed the two parcels of property separately, giving a value of $60,000 to his primary residence and $20,000 to the vacant lot. The Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on May 12, 1989, along with his Statement of Affairs and schedules. Under Schedule B-4, the schedule provided for claiming exemptions, the Debtor claimed only the real property located at 3622 West Cass Street in Tampa, Florida, as his homestead owned by him, together with his wife. On Schedule B-1 dealing with interest in real property, the Debtor listed only his residence located at 3622 West Cass Street, valued at $65,000. On August 25, 1989,

the Debtor filed an amended B-1 Schedule which included the first time the homestead previously claimed, as well as a vacant lot adjacent to the homestead located at 3624 West Cass Street. On the amended B-1 Schedule, the Debtor gave a total market value to both properties in the amount of $80,000. It is also undisputed that it was not until the Bank filed its objection to the Debtor's claim of exemption that the Debtor filed the amended schedules scheduling the property located at 3624 West Cass Street as his asset, as well as claiming it as exempt as part of his homestead. The Debtor received a homestead exemption for tax purposes only on the property located at 3622 West Cass Street, but none for the vacant lot and always received a separate tax bill for same.

■ Basically, these are the facts upon which the Bank relies in support of its contention that the property located at 3624 West Cass Street should not be allowed as exempt pursuant to Florida Constitution, Article X, § 4, which states as follows:

§ 4. Homestead—exemptions

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family;....

The Bank contends that the fact that the Debtor has not received tax exempt status

from the State of Florida as to the vacant lot and that he still receives two separate bills for the two properties is indicative of the actual status of the property. The Debtor, however, relying on an opinion by the Attorney General of the State of Florida dated October 5, 1955, which states that for the purposes of taxation, a homesteader may claim contiguous vacant lots as part of his homestead property where the dwelling lot and the contiguous lot does not exceed one-half acre total. F.L.A.G., Opinion No. 055–255. *See* also, F.L.A.G. Opinion No. 055–327, December 8, 1955 and No. 055–328, December 9, 1955. It should be noted that notwithstanding the opinion of the Attorney General, the Debtor did not receive the benefits of homestead for the tax collector who always sent two separate tax bills and did not honor the Debtor's request for homestead exemption on the tax imposed on the vacant lot.

It is clear that in determining the true nature of property claimed as exempt, it is necessary to know the underlying intended use of the property. This intended use should be evident from the actual use of the property as well as other surrounding circumstances. This Court is satisfied that although the Debtor may have intended at one time to use this vacant lot for the benefit of his homestead, that it has never been used for any other purpose except to store and keep equipment used in the Debtor's business as well as vehicles used in the Debtor's business. It is also clear that the Debtor considered the property separate and apart from his homestead and the primary residence when he filled out his financial statement in aid of credit from the Bank of Tampa. The Debtor's intent can further be seen from his original schedules, even though an amendment has been filed. Although the Debtor did file his amendment claiming the property as exempt, it should be noted, and this Court agrees with the court in the Middle District of Tennessee in *In re Edmonds*, 27 B.R. 468, 8 C.B.C.2d 368 (M.D.Tenn.1983), which stated that "exempting property is not a game of hide-and-seek wherein the debtor quietly retains all property that the trustee does not find and then moves to amend the exemption schedule when the trustee becomes aware of the property."

Based on the foregoing, this Court is satisfied that the Bank's objection to the Debtor's claim of exemption should be sustained and that the property located at 3624 West Cass Street, Tampa, Florida, should not be allowed as exempt.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Bank of Tampa's Objection to Claim of Debtor's Exemption be, and the same is hereby, sustained, and that the property is found not to be exempt and should be administered by the Trustee.

DONE AND ORDERED.