In the Matter of James Terry WELCH, Patricia Kathleen Welch, Debtors.

Bankruptcy No. 89–5050–8B7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 15, 1990.

Diane Barrs, Tampa, Fla., for debtor.

Buddy D. Ford, Clearwater, Fla., Trustee.

Firm of Preuss & Vaughn, Tampa, Fla., for trustee.

## ORDER ON MOTION TO HAVE CHAPTER 7 TRUSTEE TURN OVER CHAPTER 13 MONIES TO DEBTOR AND TRUSTEE'S OBJECTION TO EXEMPTIONS CLAIMED BY DEBTORS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon Debtors, James and Patricia Welch's Motion to Have Chapter 7 Trustee Turn Over Chapter 13 Monies to Debtor and Trustee, Buddy Ford's Objection to Exemptions Claimed by Debtors. The Court reviewed the Motion, the Objection and the record and finds the relevant facts as follows:

On July 19, 1990, Debtors filed for relief under Chapter 13 of the Bankruptcy Code. On November 17, 1990, they began paying the Chapter 13 Trustee the amount of $749.00 each month. On February 5, 1990, this Court entered an Order Converting the Chapter 13 to Chapter 7. At that time, after deducting the Chapter 13 expenses, the Chapter 13 Trustee turned over to the Chapter 7 Trustee (Trustee) the Chapter 13 payments made by the Debtors in the amount of $3,407.95.

On March 9, 1990, Debtors filed this Motion to Have Chapter 7 Trustee Turn Over Chapter 13 Monies to Debtors. They alleged the money used to fund the Chapter 13 plan came solely from the Debtors' wages. Inasmuch as wages are exempt from the administration under Chapter 7, the $3,407.95 belongs to them. *See, In the Matter of Gorski,* 85 B.R. 155 (Bankr.M.D. Fla.1988). Trustee responded to the Motion and objected to the exemption.[1] He argued the payments that were made to the Chapter 13 Trustee stemmed from both

---

1. This issue is one of substantial importance to    the administration of the Chapter 7 estate and to

of the Debtors' wages which had been commingled in one bank account instead of wages solely from the head of household. *Citing In the Matter of McCafferty*, 81 B.R. 99 (Bankr.M.D.Fla.1987), Trustee argued

> Amounts deposited in bank accounts in which wages of debtor head of household had been commingled with those of joint debtor spouse could not be claimed as exempt, under Florida statute permitting exemption of wages of head of family. *Id* at 100.[2]

Trustee points to other Court decisions which held wages, once paid by an employer and deposited in a bank, are no longer protected by F.S. § 222.11 and are subject to the claims of creditors. *In re Gillett*, 46 B.R. 642 (Bankr.S.D.Fla.1985); *Ellis Sarasota Bank & Trust Co., v. Nevins*, 409 So.2d 178 (Fla. 2d DCA 1982) and *Hertz v. Fisher*, 339 So.2d 1148 (Fla. 1st DCA 1976).

■ This Court finds *McCafferty* does not stand for the proposition wages of the head of household which were commingled with those of the non-head of household are not exempt under F.S. § 222.11. The issue in *McCafferty* and in F.S. § 222.11 is whether funds, which were deposited in a bank account, can be traced and identified as wages earned by the head of household. The Court in *McCafferty* specifically found

> The problem arises when wages earned by the head of the household, Mr. McCafferty in this case, are comingled with wages earned by his spouse. That brings about the situation of comingling exempt funds with non-exempt funds, *which can only be remedied by successfully tracing those wages earned by the head of the household. As it is without dispute in this case that the exempt wages cannot be traced and identified as wages*, this Court is satisfied that the Trustee's objection is well taken and should be sustained.

the debtor's exemption rights. The Court anticipates this issue to effect numerous joint debtors who pay monies to the Chapter 13 Trustee through their joint checking accounts.

**2.** Actually the full paragraph of the *McCafferty* opinion on page 100 reads

> Amounts deposited in bank accounts in which wages of debtor head of household had been

(emphasis added). *Id* at 100. Thus, this Court interprets *McCafferty* as stating even if the head of household's wages are commingled with the non-head of household's wages, the portion of the wages which can be traced to the wages of the head of household, are exempt under F.S. § 222.11.

Other Court decisions presented by the Trustee which held wages, once paid by an employer and deposited in a bank are not exempt under F.S. § 222.11 are not the law today. These decisions were before the amendment to F.S. § 222.11. The 1985 amendment to F.S. § 222.11 added the sentence "[t]his exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages." Thus, the amendment supersedes the pre-amendment decisions.

■ The Trustee as the objector to Debtors' exemption has the burden of proving the source of the monies used to fund the Chapter 13 plan were not wages from the head of household. Once shown, the burden of proof shifts to debtor to properly identify and trace such monies as wages of the head of household. The ultimate burden is traceability of the Chapter 13 funds to the wages of the head of household in order to determine if such funds are exempt in whole or part. Therefore, to insure all parties have an opportunity to meet their burden, the Court, by separate order, will set a final evidentiary hearing. Any portion of the funds not attributable to the wages of the head of household will be property of the Chapter 7 estate.

DONE AND ORDERED.

commingled with those of joint debtor spouse could not be claimed as exempt, under Florida statute permitting exemption of wages of head of family, *where it was impossible to trace and identify wages earned by head of household in the accounts.* (emphasis added).