In re John J. BARLOCK, and Deborah Barlock, Debtors.

Bankruptcy No. B90–00911(B).

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 29, 1990.

**14**

Mary Ann Rabin, Cleveland, Ohio.

Keith Belkin, Cleveland, Ohio, Sp. Counsel to Trustee.

Alan Belkin, Cleveland, Ohio, Sp. Counsel to Trustee.

Marvin A. Sicherman, Cleveland, Ohio, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

This matter is before the Court upon the Trustee's motion to compromise separate disputed claims against Arby's, Inc. and Cox Cable, and to abandon a claim against Ponderosa and Prudential Insurance Company. Upon a duly scheduled hearing, the Court has considered the pleadings, arguments of counsel, and the record, generally, to arrive at the following findings and conclusions:

### II.

Among the assets of the estate are separate claims against Cox Cable relating to bodily injuries sustained by Deborah Barlock (Co–Debtor) and against Arby's, Inc. for wrongful termination of John J. Barlock (Co–Debtor). Both Debtors also have a claim against Ponderosa and its insurer Prudential Insurance Company. Special Counsel, appointed by this Court, has recommended that the claim against Ponderosa and Prudential Insurance Company not be prosecuted. In regard to the claim against Arby's, Inc. for wrongful termination of John J. Barlock, Special Counsel has suggested the acceptance of a $10,000.00 offer to fully satisfy the claim and has further suggested the claim against Cox Cable be settled for a sum of $9,000.00.

Pursuant to the contingency fee agreement, Special Counsel is entitled to one-third of the judgment amount awarded and reimbursement of expenses. The contingency fee for the Arby's, Inc. award amounts to $3,333.33 (one-third of $10,000.00), while the contingency fee for the Cox Cable award amounts to $3,000.00 (one-third of $9,000.00) for a total contingency fee of $6,333.33. Deborah Barlock has, pursuant to Ohio Revised Code 2329.66(A)(12)(c), claimed a $5,000.00 exemption in the Cox Cable award. The Trustee does not dispute the entitlement of Deborah Barlock to claim the exemption but con-

tends that she should be surcharged five-ninths of the expenses incurred in recovery, which amounts to five-ninths of $3,106.51 or $1,725.85. The Trustee asserts that the Debtor has obtained a substantial benefit from the work of the Trustee, in pursuing the personal injury claim through Special Counsel, and should proportionately share in the expense of recovering the property she now seeks to exempt. Deborah Barlock, however, contends that she is entitled to the $5,000.00 exemption without being surcharged for the cost of recovery.

## III.

The principal dispositive issue is whether or not the debtor's exemption can be surcharged to accommodate the administrative expense owed by the Debtor's estate. The Trustee, as objectant, has the burden of proof that the Debtor is not entitled to a portion of a claimed exemption. *See*, Rule 4003, Bankr.R. This burden must be established by a preponderance of the evidence. The Trustee, to support his contention, refers to section 522(k)(1) of the Bankruptcy Code, which provides:

> (k) Property that the debtor exempts under this section is not liable for payment of any administrative expense except—
>
>> (1) The aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered,
>> . . .
>
> [11 U.S.C. § 522(k)(1)]

The statutory language in this section clearly relates to the cost and expense of avoiding a transfer of property that the Debtor later exempts. *See*, § 522(k)(1). Upon review of the legislative history of § 522, it becomes more clear that the cost and expenses addressed under § 522(k)(1) are those incurred in avoiding a transfer by the Debtor. Subsection (i) of 11 U.S.C.

§ 522 permits recovery by the debtor of property transferred by an avoided transfer from the transferee and the exemption of such property. *See*, S.Rep. No. 989, 95th Cong., 2d Sess. 77, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5863. Pursuant to § 522(j), the debtor may exempt said property avoided only to the extent he has exempted less property than allowed under § 522(b). *Id.* Accordingly, under § 522(k) the liability of the exempted property is limited to the debtor's aliquot share of cost and expense recovery of property that the trustee recovers and the debtor later exempts, and any cost and expense of avoiding a transfer by the debtor that the debtor has not already paid. *Id.* The present matter does not address any of the subsections under paragraph (g) of 11 U.S.C. § 522, nor does it concern itself with an avoidance of property period. Therefore, § 522(k)(1) is inapplicable to the facts at bar. The Trustee has not cited other authority in support of his position. Thusly, the Trustee has not met his burden of proof as required by Rule 4003, Bankr.R. to support the imposition of a surcharge on the Debtor's exemption as an administrative expense.

## IV.

Accordingly, the Trustee's motion to compromise the separate disputed claims against Arby's, Inc. and Cox Cable and to abandon a claim against Ponderosa and Prudential Insurance Company is hereby granted. The Trustee is authorized to execute appropriate general releases of Arby's, Inc. and Cox Cable and their agents and affiliates; pay the contingency fees of Special Counsel in the amount of $6,333.33 and reimburse Special Counsel for expenses in the amount of $106.51. The Debtor's exemption is not to be surcharged to accommodate the administrative expenses of the estate.

IT IS SO ORDERED.