In re MAMMOTH SPRING DISTRIBUTING CO., INC., Debtor.

FIRST NATIONAL MERCANTILE BANK AND TRUST COMPANY, Plaintiff,

v.

MAMMOTH SPRING DISTRIBUTING CO., INC., Defendant.

Bankruptcy No. 90–15286F.
CMS No. 91–1112M.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Jan. 17, 1992.

Claude R. Jones, Harrison, Ark., trustee.

John T. Lee, Siloam Springs, Ark., for debtor Mammoth Spring Distributing Co., Inc.

William M. Clark, Jr., Springdale, Ark., for First Nat. Mercantile Bank and Trust Co.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On June 20, 1990, Mammoth Spring Distributing Co., Inc. (debtor) filed a voluntary petition for relief under the provisions of chapter 7 of the Bankruptcy Code. On June 20, 1990, Jill R. Jacoway, Esq., was appointed trustee, and on November 5, 1990, Claude R. Jones, Esq., was appointed successor trustee. On July 2, 1991, First National Mercantile Bank and Trust Company (First National) filed a motion for relief from the automatic stay to foreclose an alleged security interest in a tax refund recovered by the trustee postpetition.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and the Court has jurisdiction to enter a final judgment in the case. The relevant facts are stipulated as follows:

1. That a petition under Chapter 7 of the Bankruptcy Code was filed by the above captioned debtor and an order for relief under Chapter 7 was entered on June 19, 1990; that Jill Jacoway, Trustee, was appointed as interim trustee in this matter, and Claude Jones is now the successor trustee in this matter and is now liquidating the business and the property of the above captioned debtor.

2. That this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1471 and 11 U.S.C. Section 362.

3. That First National Mercantile Bank and Trust Company, Joplin, Missouri, is the holder of a secured claim against the debtor in the total amount of $364,124.21 as of June 19, 1991, with interest accruing thereafter at the rate of $94.59 per diem; that the secured property pledged by the debtor to the plaintiff is shown on "Exhibit A" attached hereto and made a part hereof as though set forth herein word for word.

4. That First National Mercantile Bank and Trust Company, Joplin, Missouri, has a valid perfected security interest in the collateral described on "Exhibit A" attached hereto, having filed the appropriate UCC–1 documents with the appropriate offices in Missouri and Arkansas.

5. That the collateral of the plaintiff includes, but is not limited to general intangibles, tax refunds, cash, accounts receivable and all proceeds of collateral and proceeds of proceeds of the collateral. That the security agreement of the plaintiff also includes any property of a like type or nature of its collateral, whether now owned or hereafter acquired.

6. That the law of the State of Missouri authorizes a lien to exist and continue in general intangibles and in after acquired property and in proceeds of collateral.

7. That the lien of the plaintiff is a first lien on the items of collateral described in "Exhibit A."

8. That the Court appointed trustee, Claude Jones, has recovered $7,236.95 from the Internal Revenue Service, which refund represents a refund of 1986 corporate income taxes.

9. That the $7,236.95 payment is a 1986 tax refund and was received as a result of losses by the debtor that occurred prepetition.

10. That the debtor received the tax refund referenced hereinabove in June of 1991.

11. That if the plaintiff's security interest extends to the tax refund, the plaintiff has not been offered adequate protection of its interest in the collateral and the trustee should be ordered to deliver to the plaintiff the $7,236.95 received from the Internal Revenue Service, plus interest thereon that has accrued.

The parties also introduced by stipulation Form 1139, "Corporation Application for Tentative Refund," which was filed by the trustee on September 20, 1990.

The trustee argues that the estate did not acquire an interest in the tax refund until the amended return was filed postpetition and, therefore, 11 U.S.C. § 552(a) prevented First National's lien from attaching.[1] First National argues that the debtor acquired rights in the refund prepetition and, therefore, its lien attached and was perfected on the date the bankruptcy petition was filed.

## DISCUSSION

■ Pursuant to Missouri Annotated Statute § 400.9–204(1) (Vernon 1965), First National's security interest in general intangibles attaches when the debtor acquires rights in the intangibles. *Smith v. Mark Twain Nat'l Bank,* 805 F.2d 278, 286 (8th Cir.1986); *Central Prod. Credit Ass'n v. Hopkins,* 810 S.W.2d 108 (Mo.App.1991); *Fricke v. Valley Prod. Credit Ass'n,* 721 S.W.2d 747, 752 (Mo.App.1986). The security agreement executed by the debtor granted First National a security interest in after-acquired general intangibles. At the time the security agreement was executed, First National extended value, i.e., loan proceeds, to the debtor. This transaction occurred prior to the date the tax refund accrued. Missouri Annotated Statutes § 400.9–108 (Vernon 1965) provides that if the debtor acquires its rights in the property in the ordinary course of business, a security interest in after-acquired property is deemed to be taken for new value. *Steinberg v. American National Bank & Trust Co. (In re Meyer–Midway, Inc.),* 65 B.R. 437, 445 (Bankr.N.D.Ill.1986); *Fairchild v. Lebanon Prod. Credit Ass'n (In re Fairchild),* 31 B.R. 789, 791–92 (Bankr. S.D.Ohio 1983).

■ Under 11 U.S.C. § 541, property of the estate includes "all legal or equitable interest of the debtor in property of the estate as of the commencement of the case." The debtor's inchoate right to receive the tax refund resulting from a loss-carryback constituted property of the debtor prior to the date the petition was filed, because the debtor's right accrued as a result of prepetition losses sustained by it for the tax year ended December 31, 1989. *Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) ("[T]he loss-carryback refund claim ... is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property' under [former Bankruptcy Act] § 70a(5)"); *Doan v. Hudgins (In re Doan),* 672 F.2d 831 (11th Cir.1982) ("*Segal* was decided under the old Bankruptcy Act rather than the Code; the legislative history of the Code, however, makes clear that *Segal* retains its vitality[.]"); *In re Lange,* 110 B.R. 907, 908 (Bankr.D.Minn.1990); *In re Edmonds,* 27 B.R. 468 (Bankr.M.D.Tenn. 1983). Therefore, since the debtor acquired a sufficient interest in the tax refund for it to constitute property of the estate, the debtor also acquired sufficient rights in the property for First National's lien to attach.

The parties stipulated that First National's claim exceeds the amount of the tax refund, therefore, no equity is available for the benefit of unsecured creditors.

---

1. 11 U.S.C. § 552(a) provides that: "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case."

208

For the reasons stated above, the motion for relief from stay is granted. The trustee is ordered to abandon the sum of $7,236.95, plus all interest the trustee has earned on said sum to First National. The automatic stay provisions are relaxed to permit First National to foreclose its security interest in the sum of $7,236.95.

IT IS SO ORDERED.