In re Dennis Roy SWECKER and
Arla Jane Swecker, Debtors.

**Bankruptcy No. 93–00040–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 13, 1993.

Thomas Chawk, Lakeland, FL, for debtors.

Lauren Johnson, Trustee.

Stephen Meininger, Tampa, FL, for Trustee.

## ORDER ON OBJECTION TO
## CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an Objection to Claim of Exemption filed by Trustee Lauren P. Johnson.  It is the Trustee's contention that Dennis and Arla Swecker

(Debtors) converted non-exempt assets into exempt assets and therefore forfeited their right to an exemption. The parties' stipulated facts for the Final Evidentiary Hearing that are relevant to the resolution of this controversy are as follows:

On September 11, 1992, the Debtors met with their attorney and discussed the issue of exemptions pursuant to Florida Statute 222 and the Constitution of the State of Florida. Subsequently, the Debtors sold their non-exempt mutual funds and from those funds, on October 21, 1992, the Debtors purchased an annuity in the amount of $6,240.05 which has a face value of $5,491.20.

On October 20, 1992, the Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. On March 14, 1993, the Trustee filed a timely Objection to Debtors' Claim of Exemption regarding the annuity and several other assets claimed by the Debtors as exempt. All other matters have been disposed of leaving just the annuity for resolution at this time.

The Trustee argues that the conversion of the non-exempt mutual funds into the exempt annuity should be excepted from exemption because the transfer was made in contemplation of the filing for Bankruptcy and in order to protect these assets from the claim of creditors.

■ It is well established law that it is the objecting party's burden to prove, by a preponderance of the evidence, that the Debtor is not entitled to the exemption claimed. *In re Ehnle,* 124 B.R. 361 (Bankr. M.D.Fla.1991); *In re Barlock,* 121 B.R. 13 (Bankr.N.D.Ohio 1990). Once the objecting party has made a prima facie showing, the burden shifts to the Debtor to prove his entitlement to the exemption. *In re Welch,* 115 B.R. 374 (Bankr.M.D.Fla.1990).

■ The subject of exemptions is dealt with under the Code by § 522, but there is nothing in this Section which deals specifically with the conversion of non-exempt property into exempt property. Cases dealing with this subject generally have concluded that conversion of non-exempt property into exempt property is permitted.

*In re Levine,* 139 B.R. 551 (Bankr.M.D.Fla. 1992); *In re Decker,* 105 B.R. 79 (Bankr. M.D.Fla.1989). When the Debtors' right to exemption is challenged on the grounds that the Debtor converted non-exempt property to exempt property, it is appropriate to inquire into the circumstances surrounding the transfer, as there is substantial and respectable authority to support the denial of the Debtors' right to exemptions upon a showing by extrinsic evidence that the Debtors converted non-exempt property into exempt property with the specific intent to defraud his or her creditors. *1A Collier 14th Ed. supra,* n. 30.

■ It is clear that the complete legislative history of the Code indicates that conversion of non-exempt property into exempt property should be permitted only within limits—and outright fraudulent bankruptcy planning exceeds those limits and should not be permitted. This view of the legislative history is also in accord with the language of the Code and with the general principles of equity. *In re Spoor–Weston, Inc.,* 139 B.R. 1009 (Bankr. N.D.Okla.1992). A showing that the Debtor embarked on his pre-bankruptcy planning after he had already consulted with an attorney concerning the filing of a petition for relief is not in itself sufficient. But extrinsic evidence showing serious collection pressure by creditors, threat of filing a suit or a suit has been filed and there is an immediate or real possibility that a judgment will be entered, or has been entered, and creditor about to levy, attach or garnish the non-exempt property, just prior to the conversion may very well warrant to operate as a forfeiture of the claim of exemption. However, without this extrinsic evidence, conversion of non-exempt property to exempt property is not *per se* fraudulent, and will not automatically deprive a debtor of an exemption to which the debtor would otherwise be entitled. *In re Schwarb,* 150 B.R. 470 (Bankr.M.D.Fla. 1992).

■ The record is devoid of any evidence of an imminent threat of levy, attachment, garnishment, or execution on a judgment

just prior to the Debtors' conversion of assets. Based on the foregoing, this Court is satisfied that the objecting parties have failed to established a prima facie showing, with the requisite degree of proof, which would warrant the conclusion that the Debtor has forfeited the exemption to which he would otherwise be entitled because he converted non-exempt assets into cash used to purchase his exempt annuity. Therefore, the objection should be overruled and the exemption allowed as filed. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that The Objection to Claim of Exemption filed by Trustee Lauren P. Johnson, be, and the same is hereby, overruled and the exemption of the annuity claimed by the Debtors is allowed as filed.

DONE AND ORDERED.