**In re Robert Carlton DUDENEY and Dicksie Lynn Dudeney, Debtors.**

**Bankruptcy No. 92–34059–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

Oct. 21, 1993.

Michael R. Bakst, Ackerman, Bakst, Cloyd & Scherer, P.A., West Palm Beach, FL, for debtors.

Jack F. Weins, Abrams, Anton, Robbins, Resnick & Schneider, P.A., Boca Raton, FL, for Trustee.

### *MEMORANDUM OPINION AND ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF HOMESTEAD EXEMPTION*

ROBERT A. MARK, Bankruptcy Judge.

The Debtors in this Chapter 7 case ("Debtors") own a vacant lot adjacent to the lot on which their house is located. The Trustee objects to the Debtors' claimed exemption for the vacant lot. For the reasons discussed below, the Court finds that the adjoining vacant lot is part of the homestead property. Therefore, the Trustee's objection is denied.

### *FACTUAL BACKGROUND*

The Debtors own two lots in Port St. Lucie, Florida. Their residence is located on Lot 28. The other lot, Lot 1, was purchased after they purchased Lot 28. Lot 1 is adjacent to Lot 28, and is vacant. Together, Lots 1 and 28 comprise less than one-half acre of property. Barnett Bank holds a $23,644.45 mortgage on Lot 28. The Debtors own Lot 1 free and clear of any liens or encumbrances.

Each lot is assessed separately by the St. Lucie County Property Appraiser. The Debtors were granted a homestead exemption for tax assessment purposes for 1992 with respect to Lot 28. No homestead exemption for taxes was granted for Lot 1 for 1992.

Both lots are zoned RS–4 by the City of Port St. Lucie and each lot may be used separately for any use permitted by such zoning, including a single family residence. Thus, the Debtors could build a separate house on Lot 1 or sell Lot 1 to a third party buyer who could build a house on the lot.

On November 25, 1992, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. They scheduled both Lot 1 and Lot 28 as exempt homestead pursuant to Article X, § 4(a)(1) of the Florida Constitution. On February 9, 1993, the Trustee filed his Objection to the Debtor's Claim of Homestead Exemption for Lot 1. The Court conducted a hearing on March 9, 1993, following which the Debtors and Trustee submitted memoranda of law.

### *LEGAL DISCUSSION*

■ The issue before the Court is whether the Debtors can claim Lot 1 as part of their exempt homestead. Article X, § 4 of the Florida Constitution controls this issue, and provides in pertinent part as follows:

§ 4. Homestead—exemptions

(a) There shall be exempt ... the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, ... or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family;

...

The Trustee contends that the vacant lot is not part of the Debtor's homestead exemption because it is a separate and distinct piece of property. He argues that the second lot was acquired in a separate transaction, is assessed separately for tax purposes, and was never granted homestead status for taxation purposes. The Debtors contend that both lots should be considered one homestead because the two lots are contiguous, and measure less than one-half acre as required by Article X Section 4 of the Florida Constitution.

Florida courts have considered fact patterns almost identical to that in the instant case: a debtor who owned two separate but contiguous lots within the area limitation of the homestead provision, where one lot was primarily used for residential purposes and the additional lot was vacant.

In *Quigley v. Kennedy & Ely Insurance, Inc.*, 207 So.2d 431 (Fla.1968), the Quigleys owned a seven and one-half acre lot outside of a municipality. On October 31, 1966, a judgment was entered against the Quigleys in favor of Ely Insurance, Inc. Subsequently, on January 16, 1967, the Quigleys purchased a vacant seven and

one-half acre lot adjacent to the lot already owned. The issue before the court was whether the Quigleys could declare both lots as their homestead. The Supreme Court of Florida held that the homestead provision of the Florida Constitution was to be interpreted broadly with the only application limitation in the Constitution being the one hundred sixty contiguous acre limitation for homes located outside of a municipality. Since the Quigleys' house was located on fifteen acres of contiguous property, the court held that they were entitled to declare both lots as exempt even though they were purchased at different times and even though the second lot was vacant.

In *White v. Posick*, 150 So.2d 263 (Fla. 2d DCA 1963), the court considered the case of a defendant who owned two adjacent lots comprising less than one-half acre of property in Hollywood, Florida. The defendant used one lot for his dwelling house and a free standing garage with a one bedroom apartment. He used the other lot for a swimming pool and a patio. The court held that the defendant was entitled to declare the two separate lots as one homestead:

> The Constitution makes no reference to lot lines nor does it require that the homestead residence and related appurtenances be located on only one lot. The only explicit limitation in this respect is that the exempt area may not constitute more than one-half acre within the limits of any incorporated city or town. Construing both the limitations and the scope of the Constitution liberally in the interest of the family home ... we affirm the finding of the trial court [granting the debtor an exemption on both lots].

150 So.2d at 266.

The Trustee relies primarily on *In re Drake*, 106 B.R. 741 (Bankr.M.D.Fla.1989). The debtor in *Drake* purchased, at separate times, two contiguous lots on less than one-half acre of property in Tampa, Florida. He used one lot as his residence and the other lot to store business equipment and business vehicles. In 1987, he filed loan applications on which he separately listed the two properties. In 1989, when he filed bankruptcy, he originally listed only his residential lot as an asset and only that lot as exempt. When a creditor challenged this claim of exemption, he amended his schedules to reflect the second lot as an asset and as exempt. The lots were treated as separate for purposes of taxation. The issue before Judge Paskay was whether the debtor was entitled to declare both lots as one exempt homestead. Bankruptcy Judge Paskay held that he was not.

The *Drake* court focused on the debtor's intended use of the property, which "should be evident from the actual use of the property as well as other surrounding circumstances." 106 B.R. at 743. Mr. Drake would have been entitled to an exemption for the second lot if he intended to use it as part of his homestead, that is, for residential purposes. The court concluded that Mr. Drake did not intend to use both lots as one homestead because he stored business equipment and business vehicles on the second lot and because he listed the properties separately on loan applications.

The *Drake* decision also was influenced by equitable considerations. Specifically, the debtor's failure to list the second lot as an asset on his original schedules suggested that he may have been playing a game of "hide-and-seek, wherein the debtor quietly retains all property that the trustee does not find and then moves to amend the exemption schedule when the trustee becomes aware of the property." 106 B.R. at 743, *quoting In re Edmonds*, 27 B.R. 468 (M.D.Tenn.1983).

The Trustee argues that the instant case is analogous to *Drake* since both debtors own two lots which are separately taxed. The Court disagrees. The primary basis for the *Drake* decision was Drake's use of the disputed property for business purposes. In this case, the Debtors' second lot is vacant, and there is no evidence to establish any intent by the Debtors to use the second lot for business purposes. Furthermore, in *Drake*, Mr. Drake was arguably trying to hide the second lot from the Trustee, and thus, the Court had equitable grounds to deny Mr. Drake an exemption

for both lots. No independent equitable grounds exist in the instant case for denying the exemption.

 This Court finds *Drake* distinguishable and the Florida decisions in *Quigley* and *White* on point and persuasive. The only explicit limitation in the Florida Constitution is an acreage limitation. There is and should not be an additional limitation based on the number of lots. The relevant focus is on the use of the property. In *Quigley* and *White*, as here, the additional lots were vacant, and the courts effectively presumed that the additional vacant lot was used for residential purposes. This presumption is logical. Where a debtor owns one large lot, part of which is invariably vacant and part of which is used for residential purposes, the vacant portion is viewed together with the residential portion, allowing the debtor to declare a homestead exemption for the whole lot. Because the homestead provision is to be broadly interpreted, courts should not distinguish between a debtor owning one lot within the area limitation and a debtor owning two contiguous lots with a combined size within the area limitation.

In sum, the Court holds that where a debtor owns two contiguous lots meeting the area limitation, one used for residential purposes and the other vacant, the debtor is entitled to declare both lots exempt unless there is evidence that the separate lot is being used for business purposes.

The Trustee also argues that the Court should deny the Debtor an exemption for both lots because the lots are divisible and are zoned separately such that the Trustee could readily sell the second lot. The Court does not find zoning laws to be determinative in analyzing exemption issues. Local zoning laws may have some relevance but local ordinances cannot and do not govern the scope of the homestead exemption in bankruptcy. This Court has ruled (in an unpublished bench ruling) that a debtor may not claim a duplex as homestead if one portion of the duplex is used as rental property. This limitation was imposed even though half of the duplex could not be sold. In another bench ruling, this Court denied homestead status to a detached garage apartment on property that could not be subdivided. Other Florida courts have ruled similarly. *See also Matter of Aliotta*, 68 B.R. 281 (Bankr.M.D.Fla.1986) (debtors entitled to homestead exemption only for apartment used as residence and not for other three units rented out in same building); *In re Rodriguez*, 55 B.R. 519 (Bankr.S.D.Fla.1985) (exemption denied as to portion of one-story building which debtor was renting [1]).

Local zoning laws are also not determinative in this context. Where, as here, the separate lot is not used for business purposes, the divisibility of the lots for zoning purposes and tax purposes does not defeat the homestead claim. In both instances, it is the use of the property, not its zoning or divisibility for sale that determines its exempt status.

### CONCLUSION

The homestead provision is to be interpreted broadly. The only express limitation in the Florida Constitution is the allowable size of the homestead property. The Constitution does not limit the exemption to a single lot. Since the Debtors' property here is within the area limitation and the entire property is utilized as the Debtors' residence, the Debtors are entitled to declare both Lots 1 and 28 as exempt. The Trustee's objection is overruled.

**DONE and ORDERED.**

---

1. The Court notes but respectfully disagrees with Chief Judge Cristol's decisions in *In re Makarewicz*, 130 B.R. 620 (Bankr.S.D.Fla.1991) and *In re Kuver*, 70 B.R. 190 (Bankr.S.D.Fla.

1986) (debtor entitled to homestead exemption for a duplex where the rental half could not be lawfully sold under existing zoning laws).