**In re Richard E. RIPP and
Susan T. Ripp, Debtors.**

**Bankruptcy No. 94–1862–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Dec. 1, 1994.

Jeffrey W. Leasure, Ft. Myers, FL, for debtors.

Stephany S. Carr, Trustee.

Thomas S. Heidkamp, Ft. Myers, FL, for movant.

## ORDER OVERRULING SOUTH FLORIDA BANK'S OBJECTION TO DEBTORS CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is an objection by South Florida Bank to the claim of Richard E. Ripp and Susan T. Ripp (Debtors) that two vacant lots located at 6741 Cadet Avenue, Fort Myers, Florida, which are adjacent to the Debtors' primary residence are exempt, pursuant to Florida Constitution, Article X, § 4, as part of their homestead. The Bank contends that the vacant lots are not part of the Debtors' homestead in that there are no structures on the lots; that the Debtors only intended to own the lots as investment properties. Further, the Bank contends that the lots claimed as part of the Debtor's homestead are taxed separately by the Tax Collector; that in any event the Debtors are estopped from claiming the lots as part of their homestead because on their financial statements submitted to the Bank they listed the lots as investment property and not part of their residence.

In support of their claim of exemptions, the Debtors contend that the two lots are adjacent to each other and contiguous to the lots on which their homestead is built and that the four lots together are less than the one hundred sixty acres in size which is the size limitation placed on the homestead exemption of properties located outside of a city by Article X, Section 4(a)(1) of the Florida Constitution. The facts which are relevant to the matter under consideration as established at the final evidentiary hearing are as follows:

On February 21, 1980, Debtors entered into an Agreement for Deed with Charles Braden and Barbara Lee Braden for the purchase Lots 5, 10, and 11, in Block 27, Buckingham Park, Northeast Section, Lee County Florida. On March 19, 1981, or about a year later, the Debtors purchased the interests of Robert Buchmiller and Carole Buchmiller in an Agreement for Deed between the Bradens and the Buchmillers for Lot 4 the same block as Lots 5, 10, and 11. The Debtors ultimately acquired title to lots 4 and 5 on February 9, 1987, and to Lots 5

(sic), 10, and 11 on August 29, 1988. The record is unclear why lot 5 was included and subject to acquisition by the Debtors twice. (Exhs. 1 and 2.)

The Debtors built their current residence on Lots 4 and 5 in 1982. The construction of the home was financed through a loan from First Florida Bank. As part of the loan transaction the Debtors executed a promissory note in the principal amount of $146,000, and granted a mortgage as security for the note obligation encumbering Lots 4 and 5 (Exh. 3). Lots 4 and 5 have separate ad valorem tax bills in which the Debtors claim a homestead tax exemption of $25,000. (Exh. 12.) Lots 10 and 11 are taxed separately and the tax bill does not carry a homestead exemption. (Exh. 11.)

In 1988, in attempt to obtain credit, Debtors filled out and signed a personal financial statement which was submitted to the Bank. On the first financial statement, and six subsequent financial statements submitted to the Bank, Debtors listed Lots 10 and 11 in the "Real Estate" section and not in the "Personal Residence" section. (Exhs. 4–10.) The financial statements were dated: March 31, 1988; September 30, 1988; March 31, 1989; September 30, 1989; March 31, 1990; September 30, 1990; and February 28, 1991, respectively.

It is without dispute that Lots 4, 5, 10, 11 are contiguous. Lots 10 and 11 have never been used by the Debtor for any other purpose but for the family. Although there is no structure as such on the lots there is a satellite dish, a sprinkler system, a playhouse, a sand box and some fruit trees on those lots.

On March 11, 1992, South Florida Bank obtained a Partial Final Judgment against Debtors in the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida. (Exh. 17.) A Writ of Execution and Instructions to Levy were issued on March 23, 1992 on Lots 10 and 11. (Exhibits 18 and 19). On May 7, 1992, the day before the sale of Lots 10 and 11, Debtors, by hand, delivered a written notice, entitled "Affidavit and Notice of Designation of Homestead after Levy Pursuant to § 222.02, Florida Statutes," to the Lee County Sheriff. (Exh. 21).

The Affidavit put the Sheriff on notice that the Debtors regarded Lots 10 and 11 as part of their homestead. As the result the Sheriff stopped and did not continue completion of the levy on the property.

On February 25, 1994, Debtors filed their Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code, and also filed their Statement of Financial Affairs and Schedules of Assets and Liabilities. On Schedule C, the Debtors claimed as exempt the "House and Land located at 6741 Cadet Avenue, Fort Myers, Florida," which is the street address for Lots 4, 5, 10, and 11.

Basically, these are the facts upon which the Bank relies in support of its contention that Lots 10 and 11 located at 6741 Cadet Avenue do not qualify as homestead and the Debtors' claim that the lots are exempt should be disallowed.

■ The homestead exemption in this State is governed by the Florida Constitution, Article X, § 4 which provides as follows:

§ 4. Homestead—exemptions

(a) There shall be exempt ... the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, ...

■ The homestead exemption in Florida should be liberally construed in favor of the homestead claimant in order to achieve the beneficial purpose for which it was created; to preserve home and shelter for the family as to prevent the family from becoming public charge. *In re Meola*, 158 B.R. 881 (Bankr.S.D.Fla.1993). *Frase v. Branch*, 362 So.2d 317 (1978).

■ It is well established that it is the objecting party's burden to prove, by a preponderance of the evidence, that the Debtor is not entitled to the exemption claimed. *In re Swecker*, 157 B.R. 694, 695 (Bankr. M.D.Fla.1993) (citing *In re Ehnle*, 124 B.R. 361 (Bankr.M.D.Fla.1991) and *In re Barlock*, 121 B.R. 13 (Bankr.N.D.Ohio 1990)). Once the objecting party has made a prima facie showing, the burden shifts to the Debtor to prove his entitlement to the exemption. *In*

*re Welch*, 115 B.R. 374, (Bankr.M.D.Fla. 1990).

The only hard evidence in the record to support the estoppel theory of the Bank is the undisputed fact that the Debtor consistently described Lots 10 and 11 as property held as investment between March 28, 1988, and February 28, 1991, on seven separate Financial Statements.

In addition, the Bank points to the undisputed fact that the lots in question were treated by the tax collector as not part of the homestead property and were taxed separately from the homestead lots and not accorded tax benefits otherwise available to homesteads.

The Bank also relies upon *In re Drake*, 106 B.R. 741, 743 (Bankr.M.D.Fla.1989), where this Court held that Debtor could not claim as exempt contiguous property where the Debtor used one lot for his residence and the other subject lot for storing equipment and vehicles used in the Debtor's business. In determining the "underlying use of the property," to decide the true nature of the property claimed as exempt, this Court focused on the Debtor's business use of the property, and the Debtor's failure to list the subject property on his original schedules and the subsequent amendment to include the property after the claim of exemption was challenged.

The case of *In re Drake* is clearly distinguishable from the facts in this case. The case of *In re Dudeney*, 159 B.R. 1003 (Bankr. S.D.Fla.1993), is on point and persuasive. In *In re Dudeney* the Debtors owned two contiguous lots, their residence was on one, Lot 28, and the other was vacant, Lot 1. *Id.* The Debtors purchased each lot separately, were taxed separately for each lot, used each lot for residential purposes, and claimed both lots as exempt pursuant to Article X, § 4(a)(1) of the Florida Constitution. *Id.* at

1003–04. After distinguishing *In re Drake*, the court found that the Debtors could rightfully claim both lots as their homestead exemption. *Id.* at 1006.

The evidence to support the claim of exemption is similar to the facts involved in *Dudeney, supra.* The lots in question were contiguous, not physically separated from the homestead lots, never used for business purposes, and were taxed separately. Moreover, there is a satellite dish, a playhouse and fruit trees on the lots in question and the Debtor installed a sprinkler system on the lots.

In the last analysis the evidence is, at most, in equilibrium since it equally supports the position of the Bank and the Debtor's exemption claim. This being the case the Bank has failed to show by a preponderance of the evidence that the Debtors are not entitled to the homestead exemption for Lots 10 and 11.

Based on the foregoing, this Court is satisfied that the Bank's objection to the Debtors claim of exemption should be overruled and that the property located at 6741 Cadet Avenue, Fort Myers, Florida, including Lots 10 and 11, should be allowed as exempt.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that South Florida Bank's Objection to Claim of Debtor's Exemption be, and the same is hereby, overruled, and that the property is found to be exempt.

DONE AND ORDERED.